IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| The American Civil Liberties Union of Illinois, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Anita Alvarez, )<br>)<br>Defendant. ) | Civil Action No.: 10 C 5235<br><br>Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

The American Civil Liberties Union of Illinois ("the ACLU") seeks declaratory and injunctive relief against Anita Alvarez, in her official capacity as the Cook County State's Attorney, with respect to the Illinois Eavesdropping Act, 720 ILCS 5/14 ("the Act"). The State's Attorney moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), while the ACLU moves for a preliminary injunction. For the reasons set forth below, the motion to dismiss is granted for lack of jurisdiction, and the motion for preliminary injunction is denied as moot.

### BACKGROUND

The following facts are derived from the ACLU's complaint. The ACLU is a non-profit organization with more than 20,000 members; its asserted mission is to defend and expand certain rights under federal and state laws. Compl. ¶ 7. To that end, the ACLU gathers, receives and records information, which it then regularly publishes or disseminates to the general public, or presents to a governmental entity in order to petition for redress of grievances. *Id.* at ¶¶ 11-13. One category of information concerns police conduct in public places. *Id.* at ¶¶ 14-15.

The ACLU currently monitors or otherwise observes police practices. *Id.* The ACLU intends to "undertake a program to . . . audio record police officers, without the consent of the officers, when (a) the officers are performing their public duties, (b) the officers are in public places, (c) the officers are speaking at a volume audible to the unassisted human ear, and (d) the manner of recording is otherwise lawful." *Id.* at ¶¶ 3, 16, 32. The ACLU intends to disseminate the recordings of the police officers to the public and use the recordings to petition the government for redress of grievances. *Id.* The ACLU asserts that audio recordings will assist in both deterring and detecting police misconduct. *Id.* at ¶¶ 17- 21.

The ACLU has not undertaken its program, alleging fear of prosecution by the State's Attorney under the Act. *Id.* at ¶¶ 4, 33. The Act provides that a first offense of nonconsensual eavesdropping is a Class 4 felony. *Id.* at ¶ 23(d) (citing 720 ILCS 5/14-4(a)). "A person commits eavesdropping when he . . . [k]nowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation . . . unless he does so . . . with the consent of all of the parties to such conversation. . . ." . *Id.* at ¶ 23(a)(citing 720 ILCS 5/14-2(a)(1)(A)). The ACLU cites to one current and three prior state prosecutions against civilians pursuant to the Act. *Id.* at ¶¶ 30-31.

The ACLU brings this pre-enforcement action contending that the Act violates its First Amendment right to free speech, petition the government for redress of grievances and freedom of the press to audio record police officers without their consent (and presumably without the consent of third parties with whom police officers speak). *Id.* at ¶ 39. The State's Attorney moves to dismiss the complaint contending, in part, that the ACLU lacks standing, and the

decision in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 756, 27 L. Ed. 2d 669 (1971) requires this court to abstain from ruling on the merits of the First Amendment claim.

## ANALYSIS

### I. Legal Standard

A Rule 12(b)(1) motion to dismiss requires a determination of whether there is subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The ACLU bears the burden of establishing standing, and thus subject matter jurisdiction. *Pollack v. United States Dep't of Justice*, 577 F.3d 736, 739 (7th Cir. 2009), *cert. denied*, – U.S. –, 130 S. Ct. 1890, 176 L. Ed. 2d 364 (2010); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) ("[t]he party invoking federal jurisdiction bears the burden of establishing these elements [of standing]"). In determining whether the ACLU has met its burden, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in its favor. *Disability Rights Wisconsin, Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008); *Defenders of Wildlife*, 504 U.S. at 561, 112 S. Ct. at 2137 ("[a]t the pleading stage, . . . we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'") (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889, 110 S. Ct. 3177, 3189, 111 L. Ed. 2d 695 (1990)); *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 2215, 45 L. Ed. 2d 343 (1975) (plaintiff must allege facts "demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers").

### II. Subject Matter Jurisdiction

Under Article III of the United States Constitution, federal courts are limited to deciding cases and controversies. *Defenders of Wildlife*, 504 U.S. at 559-60, 112 S. Ct. at 2136. As one of

the limits, a plaintiff must have "a personal stake in the outcome" of the case. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); *Warth*, 422 U.S. at 498-99, 95 S. Ct. at 2205. To satisfy this requirement, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, -- U.S. --, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009); *Defenders of Wildlife*, 504 U.S. at 560-61, 112 S. Ct. at 2136.

Accepting the well-pleaded allegations of the complaint as true, the ACLU has not satisfied its burden of showing that it has standing. As the ACLU alleges, a violation of the Act occurs when a person knowingly and intentionally uses an eavesdropping device to hear or record a conversation without the consent of the parties to the conversation. Compl. at ¶ 23(a)(citing 720 ILCS 5/14-2(a)(1)(A)). Creating the ACLU program is not, in itself, a violation of the Act. *Shirmer v. Nagode*, No. 09-2332, 2010 WL 3431627, at *5-*6 (7th Cir. Sept. 2, 2010) (standing is lacking where statute does not cover intended conduct). The State's Attorney has not threatened the ACLU with prosecution if its program is implemented, and the ACLU has not cited any case where an organization has been prosecuted for violating the Act. The four cases the ACLU cites for its alleged fear of prosecution were all brought against individuals, and the Cook County State's Attorney filed only one of those cases. The others were filed by the Champaign County State's Attorney in 2004, the Crawford County State's Attorney in 2009, and the DeKalb County State's Attorney in 2009. *Id.* at ¶¶ 30-31. Unlike *Holder v. Humanitarian Law Project*, – U.S. –, 130 S. Ct. 2705, 2717, 177 L. Ed. 2d 355 (2010), litigation that was pending for 12 years at the

time of the decision on standing, the State's Attorney has neither prosecuted numerous individuals under the Act, nor suggested that it would (or would not) prosecute the ACLU.

Even if the ACLU were prosecuted, there is no allegation that prosecution is imminent. The ACLU has not alleged any time frame within which it intends to implement its program once the program parameters are established, nor has it shown that its members intend to participate in the program. *Defenders of Wildlife*, 504 U.S. at 564, 112 S. Ct. at 2138 n.2. Based upon the complaint, the State's Attorney does not appear to be actively pursuing prosecutions of the Act, and the ACLU has not alleged that an organization could or would be prosecuted under the Act. "When plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' they do not allege a dispute susceptible to resolution by a federal court." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298-99, 99 S. Ct. 2301, 2309, 60 L. Ed. 2d 895 (1979) (quoting *Younger*, 401 U.S. at 42, 91 S. Ct. at 749). No imminent threat of injury to the ACLU is alleged.

In addition, while an organization may aver standing of its members and act in a representative capacity, *Summers*, 129 S. Ct. at 1149, the ACLU has not done so. At least one member of the ACLU who would suffer harm must be identified by allegation, and for purposes of a preliminary injunction, by affidavit. *Id.* at 1151-52; *see also Defenders of Wildlife*, 504 U.S. at 563, 112 S. Ct. at 2137-38 (as a result of failing to "submit affidavits . . . showing, through specific facts . . . that one or more of respondents' members would . . . be 'directly' affected . . .," the organization lacked standing) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734, 735, 739, 92 S. Ct. 1361, 1366, 1368, 31 L. Ed. 2d 636 (1972)); *Warth*, 422 U.S. at 516, 95 S. Ct. at 2214 (association lacked standing because it failed to allege facts sufficient to allow it to serve as the

5

representative of its members). The complaint is devoid of an allegation that any of the ACLU's 20,000 members or employees desires to participate in the ACLU program.[1]

The court recognizes that a party is not required to violate the Act before challenging its constitutionality. *Babbitt,* 442 U.S. at 302, 99 S. Ct. at 2310-11. In this case, though, the ACLU's allegations regarding fear of prosecution are wholly speculative. In addition, the ACLU has not alleged organizational standing. Accordingly, the motion to dismiss for lack of jurisdiction must be granted.[2]

The State's Attorney also contends that the *Younger* doctrine applies. Under *Younger,* "principles of judicial economy, as well as proper state-federal relations, preclude federal courts from exercising equitable jurisdiction to enjoin ongoing state prosecutions." *Wooley v. Maynard,* 430 U.S. 705, 710, 97 S. Ct. 1428, 1433, 51 L. Ed. 2d 752 (1977) (citing *Younger,* 401 U.S. at 43, 91 S. Ct. at 750). There is no ongoing state prosecution of the ACLU with respect to the Act. The Seventh Circuit has recognized, though, that a federal court may abstain if a state prosecution is imminent. *520 S. Michigan Ave. Associates, Ltd. v. Devine,* 433 F.3d 961, 963 (7th Cir. 2006) (emphasis in original). Because the ACLU lacks standing, the applicability of *Younger* and *520 South Michigan* need not be addressed. Similarly, the court does not reach the other asserted grounds for dismissal, namely that the ripeness doctrine precludes review of this

---

[1] Even if this court were to consider the declaration of Colleen K. Connell, Executive Director of the ACLU, filed in support of the preliminary injunction motion, Ms. Connell does not state that she would participate in the ACLU program.

[2] The court notes the ACLU's allegation that "[u]nless enjoined by this Court, defendant will continue to prosecute, pursuant to the Act, people who audio record police officers performing their public duties in public places." Compl. ¶ 34. Yet, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth,* 422 U.S. at 499, 95 S. Ct. at 2205; *Defenders of Wildlife,* 504 U.S. at 573-74, 112 S. Ct. at 2143.

case, and the ACLU fails to state a claim upon which relief can be granted because there is no First Amendment right to audio record speech of parties without their consent.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As a result, the ACLU's preliminary injunction motion is moot.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 28, 2010