## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 1:10-cv-05235 |
| v. | ) | |
| | ) | Judge Suzanne B. Conlon |
| ANITA ALVAREZ, Cook County State's Attorney, in her official capacity, | ) ) | Magistrate Judge Sydney I. Schenkier |
| | ) | |
| Defendant. | ) | |

## THE ACLU'S MEMORANDUM IN SUPPORT OF ITS MOTION
## TO AMEND JUDGMENT, TO FILE AN AMENDED COMPLAINT,
## AND FOR A PRELIMINARY INJUNCTION

Plaintiff the American Civil Liberties Union of Illinois ("ACLU") seeks declaratory and injunctive relief against prosecution by defendant Anita Alvarez under the Illinois Eavesdropping Act (the "Act"). On October 28, 2010, the Court dismissed the ACLU's complaint, denied as moot the ACLU's motion for a preliminary injunction, and entered judgment dismissing the case without prejudice. Dkt. Nos. 32-34. The Court's sole ground for doing so was standing. Because the ACLU is able to cure the standing issues noted by the Court, the ACLU moves under Rule 59(e) to amend its judgment of dismissal and order denying preliminary injunctive relief so that the ACLU can move to amend its complaint under Rules 15(a)(2) and 21 and renew its motion for a preliminary injunction under Rule 65(a). The proposed amended complaint (attached as Exhibit 1) more particularly describes the ACLU's program of audio recording, supplements the complaint with new facts, and adds two individual plaintiffs. In further support of both its Rule 59 motion and its request for injunctive relief, the ACLU submits two new supporting declarations of ACLU employees (attached as Exhibits 2 and

1

CH1 5549964v.1

3). Based on these submissions, the ACLU also respectfully requests this Court to amend its earlier order of denial and to now grant a preliminary injunction.

## BACKGROUND

The ACLU alleges that it would *immediately* undertake a program of audio recording police officers, without the officers' consent, when (a) the officers are performing their public duties; (b) the officers are in public places; (c) the officers are speaking at a volume audible to the unassisted human ear; and (d) the manner of recording is otherwise lawful ("the ACLU Program") but for fear of prosecution under the Act. Dkt. No. 1 at ¶¶ 3, 16. The Act on its face, and consistent with the Illinois Legislature's intent, prohibits the ACLU's planned audio recording. The ACLU asserts that the Act therefore violates its First Amendment rights to gather, receive, record, and disseminate information on matters of public concern.

On October 28, the Court issued a memorandum opinion and order granting Alvarez's motion to dismiss pursuant to Rule 12(b)(1), holding that "the ACLU has not satisfied its burden of showing that it has standing." Dkt. No. 33 at p. 4. The Court concluded that the ACLU's standing allegations were insufficient, noting: (1) "[c]reating" the ACLU program does not violate the Act (*id.* at p. 4); (2) Alvarez has not threatened to prosecute, or stated she would or would not prosecute, the ACLU if it implements its program (*id.* at pp. 4-5); (3) Alvarez has not prosecuted multiple individuals under the Act (*id.*); (4) there was no "time frame" for implementing the ACLU's program of audio recording police officers (*id.* at p. 5); (5) there was no allegation that an organization (as opposed to an individual) could or would be prosecuted under the Act (*id.*); and (6) there was no "imminent" threat of prosecution of the ACLU (*id.*). On October 28, the Court also denied as moot the ACLU's preliminary injunction motion, *id.* at p. 1, and issued a judgment dismissing the case without prejudice, Dkt. No. 34.

2

The ACLU's proposed amended complaint addresses these standing concerns. It adds two new plaintiffs: Colleen Connell, Executive Director of the ACLU, and Allison Carter, an ACLU employee. *See* Exh. 1, at ¶¶8-9. Moreover, it adds the following updated and particularized allegations regarding the ACLU program of audio recording on-duty police:

1) Connell will instruct Carter (and other ACLU employees) to audio record police, and that Carter will do so. ¶¶20, 21.

2) The ACLU has fully implemented the program, and is prepared immediately to actually audio record police. ¶¶19-43.

3) The ACLU was prepared to audio record police on June 10 and November 8, 2010, but refrained from doing so based on a reasonable fear of prosecution. ¶¶22, 44.

4) The ACLU intends to audio record police officers at public demonstrations, parades, and assemblies that are both planned and spontaneous. ¶¶17, 23.

5) But for the threat of prosecution under the Act, Connell would direct Carter to audio record police at an annual anti-war protest in spring 2011 in Chicago, and Carter would do so. ¶23.

6) Alvarez has never indicated she would not prosecute the ACLU or its employees for violations of the Act. ¶¶25(d), 46.

7) Alvarez is currently engaged in two different prosecutions of individuals under the Act for audio recording police. ¶¶25(c), 39.

8) At least seven other Illinois State's Attorneys have prosecuted at least nine other civilians under the Act for doing so. ¶¶25(e), 40.

9) The ACLU is a "person" under Illinois law that may be prosecuted under the Act. ¶25(g).

10) The Office of the Cook County State's Attorney repeatedly has prosecuted private corporations for criminal offenses. ¶25(h).

11) The ACLU (acting by and through its employees), Connell, and Carter have been and continue to be deterred from audio recording police by a reasonable fear of prosecution by Alvarez under the Act. ¶¶19-21, 25, 45.

CH1 5549964v.1

## ARGUMENT

**I.      This Case Should Be Reopened Under Rule 59.**

Once a final judgment has been entered, a plaintiff may amend her complaint by timely moving to set aside the judgment under Rule 59(e).[1] *See Crestview Vill. Apartments v. U.S. Dept. of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997).  "What the aggrieved party must do [ ] is to file a motion under Rule 59(e) seeking relief from the judgment, and, if it believes that the deficiencies the court has identified can be cured through an amended complaint, it must proffer that document to the court in support of its motion." *Fannon v. Guidant Corp*., 583 F.3d 995, 1002 (7th Cir.  2009).  That is precisely what the ACLU is doing here.

Generally, a motion to amend judgment should be granted under Rule 59 where there is new evidence or an error of law.  *See Fannon*, 583 F.3d at 1002.  In the present procedural context, the "new evidence" standard is satisfied where, as here, the final judgment is entered simultaneously with the dismissal of an original complaint without prejudice and where a proposed amended complaint would cure the deficiency.  *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  "In evaluating the merits of the motion to vacate a judgment [under Rule 59(e)], the district court is required to consider the merits of the movant's request for leave to amend its complaint." *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994); *see also Foster*, 545 F.3d at 584 (holding that it was an abuse of discretion to deny motions under Rules 59(e) and 60(b) where "the district court made no determination regarding the sufficiency of the amended complaint"); *Paganis v. Blonstein*, 3 F.3d 1067, 1073 n.7 (7th Cir. 1993) ("[I]n general,

---

[1] Alternatively, a party may so move under Rule 60(b).  It should be noted that the ACLU found no case law holding that either Rule 59 or Rule 60 relief was a predicate to seeking amendment under Rule 15 where a final judgment had been entered but the dismissal of the case had been *without prejudice.*  As a result, it would appear to be an open question as to whether the ACLU's right to amend the complaint under Rule 15 is conditioned on obtaining relief under Rule 59 or Rule 60.

4

when a party simultaneously files both motions, the district court will have to examine the merits

of a motion for leave to amend before it can decide whether or not to grant the party's Rule 59(e)

or 60(b) motion.").  As the Supreme Court reasoned in *Warth v. Seldin,* 422 U.S. 490, 501-502

(1975), in standing cases "it is within the trial court's power to allow or to require the plaintiff to

supply, by amendment to the complaint or by affidavits, further particularized allegations of fact

deemed supportive of plaintiff's standing."

Here, the ACLU is seeking to avail itself of the opportunity to supply further

particularized allegations of fact to establish its standing.  The Rule 59 motion should be granted

because, as discussed *infra* in Part II, the proposed amended complaint recites new facts that

address the standing issues noted in the Court's decision.[2]

Judicial efficiency also weighs in favor of granting the ACLU's Rule 59 motion and

allowing its proposed amended complaint.  To do otherwise would leave the ACLU, and/or

Connell and Carter, filing a fresh lawsuit since this Court's dismissal was without prejudice.

## II.      The Proposed Amendment Should Be Granted Under Rule 15 and Rule 21.

### A.      Amendments Should Be Liberally Granted.

"This circuit has adopted a liberal policy respecting amendments to pleadings so that cases

may be decided on their merits and not on the basis of technicalities."  *Green v. J.C. Penney Inc.*,

722 F.2d 330, 333 n.3 (7th Cir. 1983).  Leave to amend is "especially advisable" after the

dismissal of a first complaint.  *Barry Aviation Inc. v. Land O'Lakes Airport*, 377 F.3d 682, 687 &

n.2 (7th Cir. 2004) (collecting cases).  "In the absence of any apparent or declared reason—such

as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[2] The ACLU respectfully maintains that its initial complaint pled sufficient allegations to confer standing upon it to litigate its claim that the Act violates the First Amendment, *see* Dkt. No. 26, Parts II.B-C at pp. 22-28, but that the proposed amended complaint addresses the issues noted by the Court.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 687, *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

Since none of these defects are present here, leave to amend should be allowed. *See Daugherity v. Traylor Bros, Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The ACLU has not unduly delayed moving to amend. It did so well within the 28-day period under Rule 59. There is no basis for concluding that the ACLU has acted in bad faith or with a dilatory motive. The ACLU is not guilty of repeatedly failing to cure deficiencies by amendments previously allowed since this is the ACLU's first motion to amend. Alvarez will suffer no undue prejudice as a result of amendment. Denial of the relief the ACLU seeks will result in the filing of a new action. As set forth below, amendment would not be futile. *See infra* Parts II.B and II.C.

With respect to Rule 21, "the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. The standard for adding parties is "the same" under both Rule 15 and Rule 21. *Moore's Federal Practice* § 15.16[1] at p. 15-55 (3d ed. 2005).

**B.      The Amended Complaint Would Establish Pre-Enforcement Standing.**

The ACLU's proposed amended complaint is not futile because its new allegations address the standing issues noted by the Court as to the ACLU. In addition, the amended complaint establishes standing on behalf of two additional individual plaintiffs, Connell and Carter. The new allegations must be accepted as true. *See Warth*, 422 U.S. at 501 (in evaluating standing "both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."); *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 920 (7th Cir. 2002) (reversing district court's decision not to permit second

CH1 5549964v.1

amended complaint: "It is easy to imagine facts consistent with this complaint and affidavits that will show plaintiffs' standing, and no more is required.").

### 1. The Law of Pre-Enforcement Standing.

"To qualify for standing, a claimant must present an injury that is [1] concrete, particularized, and actual or imminent; [2] fairly traceable to the defendant's challenged behavior; and [3] likely to be redressed by a favorable ruling." *Davis v. FEC*, 128 S. Ct. 2759, 2768 (2008), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

An organization has standing on its own behalf when it "seek[s] judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth*, 422 U.S. at 511. *See also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.19 (1982) ("organizations are entitled to sue on their own behalf for injuries they have sustained"); *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2010 WL 1979569, at *19 (N.D. Ill. May 17, 2010) ("An association may satisfy these elements [for constitutional standing] by asserting claims that arise from injuries it sustained itself.").[3]

An organization suffers an injury-in-fact giving rise to standing when a law interferes with the organization's protected First Amendment activity. *Am. Booksellers Ass'n. v. Hudnut ("Hudnut")*, 771 F.2d 323, 326-27 (7th Cir. 1985); *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1019 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1569 (2010); *NYCLU v. NYC Transit Auth.*, 675 F. Supp. 2d 411, 425-27 (S.D.N.Y. July 16, 2009); *Stauber v. City of New York*, 2004 WL 1593870, at **12-17 (S.D.N.Y. 2004). For example, an organization has standing to challenge a law that, as here, violates its First Amendment right to monitor and gather

---

[3] The ACLU does not plead derivative representational standing for its members. Rather, it pleads direct organizational standing for itself. *Cf. Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149 (2009) (addressing representational standing where "[t]he regulations under challenge [in that case] neither require nor forbid any action on the part of" the plaintiff organization).

CH1 5549964v.1

information about government activity. *NYCLU*, 675 F. Supp. 2d at 425-27 (granting a preliminary injunction providing access to observe certain government hearings). *See also FEC v. Akins*, 524 U.S. 11, 20-21 (1998) (holding that "inability to obtain information" is an injury that provides standing).

An organization has standing to bring a pre-enforcement First Amendment challenge to a law where, as here, the organization "has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute, and there exists a credible threat of prosecution." *Babbitt v. UFW*, 442 U.S. 289, 298 (1979). This rule ensures that a party need not "undergo a criminal prosecution as the sole means of seeking relief." *Id.* (quoting *Doe v. Bolton*, 410 U.S. 179, 188 (1973)). *See also Virginia v. Am. Booksellers Ass'n. ("Am. Booksellers Ass'n.")*, 484 U.S. 383, 393 (1988) ("[T]he alleged danger of this statute is, in large measure, one of self-censorship; a harm that can be realized even without an actual prosecution."). Many courts have held that a wide variety of organizations have such pre-enforcement standing. *See, e.g., Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2717 (2010); *ACLU of Nevada v. Heller*, 378 F.3d 979, 983-85 (9th Cir. 2004); *New Hampshire Right to Life PAC v. Gardner ("NH-RTL-PAC")*, 99 F.3d 8, 13-15 (1st Cir. 1996); *S.O.C., Inc. v. County of Clark*, 481 F. Supp. 2d 1122, 1125-29 (D. Nev. 2007); *ACLU v. Reno*, 31 F. Supp. 2d 473, 479-81 (E.D. Pa. 1999); *ACLU v. Johnson*, 4 F. Supp. 2d 1024, 1026-28 (D. N.M. 1998).

The "credible threat of prosecution" standard, *Babbitt*, 442 U.S. at 98, is "quite forgiving." *NH-RTL-PAC*, 99 F.3d at 14; *Reno*, 31 F. Supp. 2d at 479. The Seventh Circuit has explained:

> Injury need not be certain. Any pre-enforcement suit entails some element of chance: perhaps the plaintiff will desist before the law is applied, perhaps the law will be repealed, or perhaps the law won't be enforced as written. But pre-enforcement challenges nonetheless are within Article III.

8

*Brandt v. Vill. of Winnetka*, 612 F.3d 647, 649 (7th Cir. 2010). Plaintiff need not show "an "imminent criminal prosecution," in the "temporal" sense. *520 South Michigan Ave. Assocs. v. Devine*, 433 F.3d 961, 962-63 (7th Cir. 2006). Nor need plaintiff show it was "threatened with prosecution." *Doe v. Bolton*, 410 U.S. 179, 188 (1973). *Accord Majors v. Abell*, 317 F.3d 719, 721 (7th Cir. 2003) ("A plaintiff who mounts a pre-enforcement challenge to a statute that he claims violates his freedom of speech need not show that the authorities have threatened to prosecute him . . . ; the threat is latent in the existence of the statute."). Further, plaintiff need not show that anyone has ever been prosecuted. *Babbitt*, 442 U.S. at 302; *Doe*, 410 U.S. at 188; *Kucharek v. Hanaway*, 902 F.2d 513, 516 (7th Cir. 1990). *See also Hudnut*, 771 F.2d at 327 ("A challenge may be ripe . . . even when the statute is not yet effective.").

Rather, it will usually suffice for the plaintiff to show that the statute is not "moribund." *Doe*, 410 U.S. at 188; *NH-RTL-PAC*, 99 F.3d at 15; *Reno*, 31 F. Supp. 2d at 480. *See also Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010) ("the existence of a statute implies a threat to prosecute, so pre-enforcement challenges are proper"). *Cf. Poe v. Ullman*, 367 U.S. 497 (1961) (no standing to challenge a statute enacted in 1879 and only enforced once in the ensuing 82 years). Further, standing usually exists when the relevant prosecutor "has not disavowed any intention of invoking the criminal penalty." *Babbitt*, 442 U.S. at 302. *See also Am. Booksellers Ass'n.*, 484 U.S. at 393 (same); *Commodity Trend Serv., Inc. v. CFTC*, 149 F.3d 679, 687 (7th Cir. 1998) ("a threat of prosecution is credible when a plaintiff's intended conduct runs afoul of a criminal statute and the Government fails to indicate affirmatively that it will *not* enforce the statute") (emphasis in original); *NRA v. City of Evanston*, 2009 WL 1139130, at *3 (N.D. Ill. Apr. 27, 2009) (Aspen, J.) (holding that a prosecutor's statement "during litigation that it might never prosecute plaintiff or that it does not intend to prosecute plaintiff" (quoting *Horina v. City of*

CH1 5549964v.1

*Granite City*, No. 05 C 0079, 2005 WL 2085119, at \*4 (S.D. Ill. Aug. 29, 2005) does not

comprise a "disavowal" of prosecution that bars pre-enforcement standing).

Courts repeatedly have held that the ACLU has organizational standing for itself to bring

First Amendment challenges to laws that burden its First Amendment rights. *See, e.g., Heller*,

378 F.3d at 983-85; *S.O.C., Inc.*, 481 F. Supp. 2d at 1125-29; *Stauber*, 2004 WL 1593870, at

\*\*12-17; *Reno*, 31 F. Supp. 2d at 479-81; *Johnson*, 4 F. Supp. 2d at 1026-28. *See also ACLU v.*

*GSA*, 235 F. Supp. 2d 816 (N.D. Ill. 2002) (Castillo, J.) (approving an injunctive class settlement).

### 2. The pre-enforcement standing of the ACLU.

a) ACLU's Program is fully operational.

The amended complaint would add allegations that demonstrate that the ACLU'S Program

is fully operational: Connell will instruct Carter to audio record police, and Carter will do so

(¶¶8, 9, 20, 21); the ACLU has fully implemented the program, and is prepared immediately to

actually audio record police, but refrains from doing so due to a reasonable fear of

prosecution(¶¶3,19); the ACLU twice refrained from audio recording police in the last six

months, due to its reasonable fear of prosecution (¶¶22, 44); the ACLU intends to audio record

police officers at expressive events that are both planned and spontaneous (¶¶17, 23); and, but for

the threat of prosecution under the Act, Connell would direct Carter to audio record police at

events that occur spontaneously and at a particular protest in spring 2011, and Carter would do so

(¶23). Thus, the amended complaint addresses the Court's concern that the ACLU program had

only been created, but was not ready to be fully implemented, and that the ACLU had not pled the

existence of an employee who was prepared to actually record police officers as part of the

program. Dkt. No. 33 at pp. 4-5.

CH1 5549964v.1

b) The ACLU Program is covered by the Act.

Here, the Act on its face, and as intended by the Illinois Legislature, plainly applies to the

ACLU program of certain non-consensual audio recording of on-duty police. *See* 720 ILCS 5/14-

1(d) & 2(a)(1)(A). Alvarez has expressly acknowledged this. *See* Dkt. No. 19, at p. 7 ("Plaintiff

is precluded from audio recording any conversations without consent of all parties to such

conversation, including encounters between law enforcement and citizens.").[4]

c) ACLU is subject to prosecution under the Act.

Likewise, as a matter of law, the ACLU itself plainly is subject to prosecution under the

Act for any audio recording by ACLU employees authorized and directed by the ACLU's top

management. The Act criminally prohibits certain audio recording by a "person." 720 ILCS

5/14-2. For purposes of the Illinois criminal statutes, a "person" includes a "private corporation,"

720 ILCS 5/2-15, and a corporation may be prosecuted for crimes authorized by its top

managerial agents, *id.* at 5/5-4(a)(2). The amended complaint alleges that the ACLU is a legal

corporation. ¶7. Alvarez and predecessor Cook County State's Attorneys repeatedly have

prosecuted corporations for violations of various criminal statutes based on actions by top

management. *See, e.g., People v. Universal Public Transp., Inc.*, 401 Ill. App. 3d 179, 192 (1st

Dist. 2010) (corporation convicted for fraud); *People v. Bohne*, 312 Ill. App. 3d 705, 706 (1st Dist.

2000) (corporation indicted for tax impropriety); *People v. O'Neil*, 194 Ill. App. 3d 79, 88-89 (1st

Dist. 1990) (corporation indicted for involuntary manslaughter). Thus, the amended complaint

would allege that the ACLU may be prosecuted as a "person" under the Act (¶25(g)), and that

---

[4] Alvarez also argued that the ACLU program fell within the Act's exemption for recording by one
conversation participant who reasonably suspects that he is about to be the victim of a crime committed by
another conversation participant. *See* Dkt. No. 19, at pp. 5-6; 720 ILCS 5/14-3(i). In fact, the ACLU
program does not fall within this exemption. Rather, the ACLU program extends to police conduct that is
not reasonably suspected to be criminal, and to recording by persons who are not potential crime victims.

11

Alvarez has prosecuted organizations as persons (¶25(h)). This addresses the Court's concern that the ACLU had not alleged than an organization "could" be prosecuted under the Act. Dkt. No. 33 at p. 5.

d) ACLU has a reasonable fear of prosecution

The amended complaint shows that ACLU has a reasonable fear of prosecution. Alvarez has never indicated that she would not prosecute the ACLU under the Act (¶25(d)) and has stated that ACLU is precluded under the Act from audio recording law enforcement officers(¶25(d)). If it were Alvarez's position that the ACLU would not be prosecuted under the Act, or that the ACLU program did not violate the Act, Alvarez would have said so by now, instead of vigorously litigating her right to prosecute the ACLU under the Act. This is powerful evidence of the reasonableness of the ACLU's fear of prosecution. *See Am. Booksellers Ass'n.*, 484 U.S. at 393; *Babbitt*, 442 U.S. at 302; *Commodity Trend Service, Inc.*, 149 F.3d at 687.

Further, the amended complaint would allege additional relevant prosecutions under the Act. Most importantly, it would allege that Alvarez is currently prosecuting two different cases under the Act for allegedly recording on-duty police. ¶¶25(c), 39. The original complaint alleged only one such prosecution. Alvarez filed charges in the other case on August 31, 2010 – 12 days after the ACLU filed its original complaint. Further, the amended complaint alleges that in the past six years, at least seven other Illinois State's Attorneys have prosecuted at least nine other civilians under the Act for audio recording on-duty police. ¶¶25(e)), 40. At the time it filed its original complaint, the ACLU was only aware of five civilians prosecuted by three State's Attorneys. Finally, the amended complaint alleges that one of these prosecutions involved a program, like the one here, of audio recording on-duty police to increase police accountability. ¶¶25(e), 41. Thus, the Act plainly is not "moribund." *Doe*, 410 U.S. at 188; *NH-RTL-PAC*, 99

12

F.3d at 15; *Reno*, 31 F. Supp. 2d at 480. *See also Holder*, 130 S. Ct. at 2717 (holding that organizations had standing to challenge certain statutory provisions that had led only to "several" prosecutions). Accordingly, the ACLU, Connell, and Carter reasonably fear prosecution.

**3.      The Pre-Enforcement Standing of Connell and Carter.**

As set forth immediately above, the amended complaint would adequately allege the ACLU's own injury and standing. In the event there is any doubt on this point, the amended complaint also would add as plaintiffs Connell and Carter, two individual ACLU employees who have injury and standing. Further, the new allegations regarding Connell and Carter buttress the injury and standing of the ACLU. For these additional reasons, amendment would not be futile.

Putative plaintiff Carter, an ACLU employee, clearly would be subject to prosecution if she audio recorded on-duty police as part of the ACLU program. The amended complaint thus would add allegations that Carter is prepared to and would record police when authorized and directed to do so by Connell (¶21); and that Carter has not done so due to her reasonable fear, and Connell's, of prosecution of Carter by Alvarez under the Act (¶¶20, 21, 25, 45).

Putative plaintiff Connell, the ACLU's Executive Director, clearly would be subject to prosecution if she authorized and directed Carter to audio record on-duty police as part of the ACLU program, and Carter did so. As a matter of law, a person may be criminally liable for the conduct of another when she is "legally accountable" for the Act. 720 ILCS § 5/5-1. That occurs when "either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense." *Id.* at § 5/5-2(c). *See also People v. Moss*, 205 Ill. 2d 139, 163-64 (2001) ("the only additional fact necessary to establish accountability beyond the act of solicitation is the fact that the principal crimes had been committed").

Accordingly, the amended complaint would add the allegation that Connell herself may be prosecuted under the Act for directing another ACLU employee to engage in audio recording of police in public (¶¶20, 23); that she reasonably fears such prosecution (¶20); and that she would authorize and direct such audio recording, but for her fear of prosecution of the ACLU, Carter, and herself (¶23).

### C. The Amended Complaint would not be subject to *Younger* Abstention.

Should the Court reach Alvarez's *Younger* arguments in its evaluation of futility, the Court should conclude that the *Younger* abstention doctrine is inapplicable here. Alvarez relies upon *520 S. Michigan Avenue Associates, Ltd. v. Devine*, 433 F.3d 961, 963 (7th Cir. 2006) for the proposition that abstention may be appropriate if a state prosecution is imminent. That decision, however, is noteworthy for the fact that standing was found precisely in the situation here— namely where an organization, in that case a hotel, sought pre-enforcement review of a state statute based on the fact that the statute was forcing the hotel to change its behavior in the present. *Id.* at 962-63. The court held that the organization had standing even though its prosecution wasn't imminent in the temporal sense. *Id.* Then, the court observed in an aside: "If a criminal prosecution of the Hotel really were imminent, then a federal court might well abstain on comity grounds—for the prosecution would offer the Hotel an opportunity to present its legal arguments, and states are entitled to insist that their criminal courts resolve the entire dispute." *Id.* at 963.

That *dicta* however, as relied upon by Alvarez, is contrary to controlling Supreme Court and Seventh Circuit jurisprudence, which provides that "[i]n the absence of [a state] proceeding … a plaintiff may challenge the constitutionality of the state statute in federal court." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930 (1975); *see also Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007) ("*Younger* abstention is appropriate only when there is an action in

14

state court against the federal plaintiff and the state is seeking to enforce the contested law in that proceeding."); *Steffel v. Thompson*, 415 U.S. 452, 472 (1974) ("Requiring the federal courts totally to step aside when no state criminal prosecution is pending against the federal plaintiff would turn federalism on its head."); *Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995) ("[T]hese abstention doctrines extend only to parties to ongoing state court litigation while specifically leaving non-parties free to pursue their claims."); *Hoover v. Wagner*, 47 F.3d 845, 848 (7th Cir. 1995).

**III.    This Court Should Amend its Denial of a Preliminary Injunction.**

The ACLU moves the Court to amend  its denial of the preliminary injunction motion as moot,  and the ACLU renews its motion for a preliminary injunction.  The ACLU seeks this relief on the basis of both its original and new submissions, including the attached declarations of Connell and Carter.  *See* Dkt. Nos. 18, 26.  *See also* Dkt. No. 27 (the Chicago Police Department's policy of August 2010 regarding in-car audio/video recording), at Part II (describing the value of such recording), and Part IV.A (stating that police officers have "no expectation of privacy" related to such recording).  As set forth in the ACLU's proposed amended complaint, such relief would be extended to the ACLU, Connell, Carter, and the ACLU's other employees.  *Cf.* Dkt. No. 1 (the ACLU's original complaint), at p. 11 (seeking relief on behalf of a broader set of persons). If Connell and Carter are allowed to join this suit, then they join in this motion for a preliminary injunction.

**CONCLUSION**

For the foregoing reasons, the ACLU respectfully requests that the Court grant its motions to amend the judgment and order denying preliminary relief under Rule 59(e), to amend the complaint under Rules 15(a)(2) and 21, and for a preliminary injunction under Rule 65(a).

15

DATED:  November 18, 2010

Respectfully submitted,

THE AMERICAN CIVIL LIBERTIES
UNION OF ILLINOIS

By: ___s/ Richard J. O'Brien_____
        One of Its Attorneys

| | |
|---|---|
| Richard J. O'Brien | Harvey Grossman |
| Linda R. Friedlieb | Adam Schwartz |
| Matthew D. Taksin | Karen Sheley |
| Sidley Austin LLP | Roger Baldwin Foundation of ACLU, Inc. |
| One South Dearborn Street | 180 N. Michigan Ave., Suite 2300 |
| Chicago, IL 60603 | Chicago, IL 60601 |
| (312) 853-7000 | (312) 201-9740 |

16