## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THE AMERICAN CIVIL LIBERTIES
UNION OF ILLINOIS,

        Plaintiff,

    vs.

ANITA ALVAREZ,

        Defendant.

10 C 5235

Honorable Judge
Suzanne B. Conlon

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT, TO FILE AN AMENDED COMPLAINT, AND FOR A PRELIMINARY INJUNCTION

Defendant, ANITA ALVAREZ, State's Attorney of Cook County ("State's Attorney Alvarez" or the "State's Attorney"), through her assistants, PATRICK T. DRISCOLL, JR., DONALD J. PECHOUS, PAUL A. CASTIGLIONE, JEFFREY S. MCCUTCHAN, and JAMES C. PULLOS, respond to Plaintiff's Motion to Amend Judgment, to File an Amended Complaint, and for a Preliminary Injunction as follows:

### INTRODUCTION

Following the Court's dismissal of its complaint, Plaintiff American Civil Liberties Union of Illinois ("ACLU" or "Plaintiff") seeks to file an amended complaint to add two additional plaintiffs. Plaintiff's proposed amended complaint does not, however, confer standing and consequently, this Court should deny Plaintiff leave to file its amended complaint and deny its motion to alter or amend judgment.

On August 19, 2010, ACLU filed its complaint seeking injunctive relief against the prosecution by the State's Attorney for violations of the Illinois Eavesdropping Act, 720 ILCS 5/14-1, et seq. ("the Act"). (Dkt. 1.) On September 3, 2010, Plaintiff filed its motion for preliminary injunction. (Dkt. 8.) On September 9, 2010, Defendant filed a motion to dismiss

Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 19.) On October 28, 2010, this Court entered an order dismissing Plaintiff's complaint without prejudice and denied Plaintiff's motion for a preliminary injunction as moot. *ACLU v. Alvarez*, 2010 U.S. Dist. LEXIS 115354 (N.D. Ill. October 28, 2010). On November 18, 2010, ACLU filed a Motion to Amend Judgment, to File an Amended Complaint, and for a Preliminary Injunction. (Dkt. 36.)

For the reasons set forth below, the motion is legally groundless and should be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows for amendment of a complaint with leave of court and leave of court shall be freely given when justice so requires. *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). A district court may deny leave to amend a complaint on the ground of undue delay, bad faith, dilatory motive, prejudice or futility. *Id.* Moreover, Plaintiff's request to add a party under Federal Rule of Civil Procedure 21 in its amended complaint is more appropriately construed under the standard of Rule 15(a)(2). *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994). Although Plaintiff attempts to amend the Court's order of October 28, 2010, which dismissed Plaintiff's complaint without prejudice, pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff's reliance on Rule 59(e) is misplaced because the Court's dismissal without prejudice was not a final judgment. *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005). Moreover, Plaintiff may not file an amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1) because it did not seek to amend its complaint within 21 days of being served with Defendant's 12(b)(6) motion. *See* Fed. R. Civ. P. 15(a)(1) (2010).

## ARGUMENT

Standing to challenge a statute is lacking where the statute does not cover intended conduct. *ACLU*, 2010 U.S. Dist. LEXIS 115354 at *6, *citing Goldhamer v. Nagode*, 621 F.3d

581, 587 (7th Cir. 2010). *See also Majors v. Abell*, 317 F.3d 719, 721 (7th Cir. 2003) (stating that a plaintiff lacks standing to bring a First Amendment challenge to a statute if "if it clearly fails to cover his conduct").

ACLU concedes that a person who audio records someone who is in the act of committing a crime against the person recording does not violate the Act, as the Act exempts such conduct. (ACLU Mem. at 11, n. 4, *citing* 720 ILCS 5/14-3(i) (2010).) ACLU, however, argues that its proposed program of audio recording police officers without the officers' consent ("ACLU's proposed program," *see* ACLU Mem. at 2), does not fall within this exemption because the program "extends to police conduct that is not reasonably suspected to be criminal, and to recording by persons who are not potential crime victims." (ACLU Mem. at 11, fn. 4.) On this basis, ACLU contends that it has standing to bring a First Amendment challenge to the Act. ACLU's argument wholly misses the mark.

ACLU wants to assert a First Amendment challenge to the Act but has not plead the particular facts necessary to confer Article III standing for such a claim. ACLU does not allege the identity of persons engaging in misconduct, the specific misconduct at issue, or the person harmed by the alleged misconduct. Without such specificity, ACLU essentially argues that it has standing to challenge the Act because its members or employees will travel from place to place searching for police misconduct to audio record. This claim of injury is sketchy at best and does not confer Article III jurisdiction over Plaintiff's claim. *See Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009) (recognizing that under Article III, a case or controversy must exist at all stages of a federal lawsuit).

As the cases below demonstrate, ACLU's initial complaint did not contain sufficiently particular allegations of injury to establish standing, and the proposed amended complaint suffers from the same malady.

I.      **Plaintiff's Amended Complaint Does Not Provide Standing.**

Plaintiff's amended complaint simply does not remedy the standing deficiencies present in Plaintiff's original complaint. This Court held that ACLU failed to meet its burden of showing that it will actually suffer an injury, which is a prerequisite for standing. *ACLU*, 2010 U.S. Dist. LEXIS 115354 at *8 (holding that "[n]o imminent threat of injury to the ACLU is alleged"). Plaintiff's proposed amendment to its complaint does not further demonstrate that it will actually suffer an injury in the future, and therefore, this Court should deny Plaintiff leave to file an amended complaint. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84,* 133 F.3d 1054, 1057 n.4 (7th Cir. 1998) (district courts need not grant leave to where an examination of the proposed complaint makes clear that it does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss).

A.      **Plaintiff Cannot Demonstrate Actual Or Imminent Injury.**

Abstract injury is not enough to satisfy Article III's case or controversy requirement in cases where the plaintiff seeks to enjoin future governmental conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). The litigant must also satisfy the causation and redressability prongs of the Article III minima by showing that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Here, ACLU alleges that it wants to monitor police conduct so that it can audio tape misconduct when its members happen to see it. ACLU, therefore, alleges not only abstract injury but also abstract government misconduct. Such vague allegations do not confer Article III standing for a First Amendment challenge to enforcement of a state law. *See Boyle v. Landry*, 401 U.S. 77 (1971).

*Boyle* supports this Court's dismissal of Plaintiff's complaint and demonstrates why Plaintiff's proposed amendment would be futile. In *Boyle*, plaintiffs sought an order enjoining

the Cook County State's Attorney from enforcing several Illinois criminal statutes, including intimidation, which allegedly infringed on the plaintiffs' First Amendment rights. In dismissing the plaintiffs' complaint, the Court held that plaintiffs' allegations "fall far short of showing any irreparable injury from threats or actual prosecutions under the intimidation statute or from any other conduct by state or city officials" where the plaintiffs did not assert (a) that a single plaintiff had ever been prosecuted, charged, or even arrested under the particular intimidation statute or (b) that any officer or official threatened to arrest or prosecute any one or more of the plaintiffs under that statute. *Id.* at 81. The Court reasoned that the allegations did not sufficiently demonstrate that any of the plaintiffs who brought the lawsuit were in any jeopardy of suffering irreparable injury if the State is left to prosecute in the normal manner. *Id.* at 81. Accordingly, the Court held that allegations such as these "amount to nothing more than speculation about the future" and federal courts should refrain from interference. *Id.*

Cases decided after *Boyle* show that the type of speculative claim that ACLU has advanced does not confer Article III standing for its proposed First Amendment claim. *See O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) (denying standing on the basis that too many variables existed before a plaintiff could be exposed to an actual or imminent harm); *Lyons*, 461 U.S. at 111 (holding that that equitable relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat"); *Goldhamer v. Nagode*, 621 F.3d 581 (7th Cir. 2010) (holding that the plaintiffs lacked standing to enjoin enforcement of the City of Chicago's failure-to-disperse ordinance because the facts surrounding the plaintiffs' arrest did not support a credible threat of prosecution in the future).

Implicit in *Boyle*, *O'Shea*, *Lyons*, and *Goldhamer* is the proposition that courts should not grant injunctive relief to a plaintiff against discretionary acts of law enforcement officers or

officials. Where the enforcement of a law is applicable or not applicable depending on the particularized nature of the actor's future conduct, an injunction is not appropriate because actual injury to the plaintiff is too speculative. Similarly, in this case, Plaintiff or other possible participants cannot assure that it will be charged or prosecuted with a violation of the Act for any or all acts in furtherance of the ACLU program. Theoretically, without injunctive relief, if Plaintiff's members committed the acts outlined in its program, they may never be prosecuted under the Act. As a result, Plaintiff cannot demonstrate standing.

**B.     The Amended Complaint Continues To Allege Speculative Injury.**

This Court dismissed Plaintiff's complaint for lack of Article III standing because it did not allege that the ACLU faced imminent prosecution for a violation of the Act. *See ACLU*, 2010 U.S. Dist. LEXIS 115354 at *7-*8. ACLU argues that its amended complaint addresses these concerns because it alleges that Colleen Connell, Executive Director of the ACLU, will direct Allison Carter, an ACLU employee, to audio record police and that it intends to audio record police officers at public demonstrations, parades, and assemblies that are both planned and spontaneous. (ACLU Mem. at 3.) Plaintiff cites affirmative acts of ACLU, Connell, and Carter in furtherance of the ACLU program and claims that the program would proceed but for the credible threat of prosecution under the Act. (Dkt. 36, Ex. 1, ¶ 25.)[1] Plaintiff alleges that, under its program, the ACLU, Connell, and Carter will immediately audio record police officers, without the consent of the officers, when (a) the officers are performing their public duties, (b)

---

[1]     In support of its credible threat of prosecution, Plaintiff alleges that the State's Attorney is currently prosecuting two other individuals in *People v. Christopher Drew*, 10-cr-46 ("Drew") and *People v. Tiawanda Moore*, 10-cr-1570901 ("Moore"), for violation of the Act. (Dkt. 36, Ex. 1, ¶ 39(a), (b); Ex. A; Ex. B.) Plaintiff further submits the affidavits of putative plaintiffs, Connell and Carter, who express their respective fears of prosecution. (Dkt. 36, Ex. 2, ¶ 18(c); Ex. 3, ¶ 18(c).) Plaintiff also avers that its members have monitored police without audio recording due to fear of prosecution. (Dkt. 36, Ex. 1, ¶ 22.) As discussed below, these allegations do not show threat of imminent prosecution to the ACLU, Connell or Carter.

the officers are in public places, (c) the officers are speaking at a volume audible to the unassisted human ear, and (d) the manner of recording is otherwise lawful. (Dkt. 36, Ex. 1, ¶ 3.)

These allegations may state who will operate ACLU's proposed program and the general goals of the program but do not set forth: (i) the harm alleged, (ii) who will inflict such harm, (iii) the person who will be harmed, and (iv) the time and place when such harm will occur. ACLU's new allegations, therefore, are red herrings that do not address the central problem in the initial complaint: ACLU's failure to allege imminent threat of injury to the ACLU, its members, or its employees. *See ACLU*, 2010 U.S. Dist. LEXIS 115354 at *8.

The prosecution of Drew and Moore does not establish a credible threat of prosecution against the ACLU, Connell, or Carter for their participation in the ACLU program. The mere fact that Drew and Moore are the subjects of ongoing prosecutions does not confer standing on the Plaintiff, Connell, or Carter. Plaintiff presents these examples of prosecutions of the Act without articulating their relevance to the ACLU program, *i.e.*, that the facts of those pending prosecutions are sufficiently similar to the facts of the ACLU program. Drew's indictment contains no facts from which it can be compared to Plaintiff's situation. (Dkt. 36, Ex. A.) Moore allegedly attempted to surreptitiously record a conversation with a police officer interviewing Moore while at a police station. Dkt. 36, Ex. B. Plaintiff intends to conduct its program in public, not at a police station. Moore's prosecution provides no parallel to ACLU's program. (Dkt. 36, Ex. 1, ¶ 3.)

Plaintiff further asserts that other State's Attorneys throughout Illinois are prosecuting violations of the Act. Plaintiff claims that this fact poses a credible threat that ACLU, Connell, and Carter will be prosecuted. Obviously, Plaintiff's reliance on these other prosecutions is again irrelevant. The various State's Attorneys throughout Illinois are autonomous officials who carry out their prescribed duties independently of each other. *See Nat'l Cas. Co. v. McFatridge*, 604

F.3d 335, 341 (7th Cir. 2010)(where the court reasoned that the best characterization of the state's attorney is that he is a state constitutional official with jurisdiction in the county in which he is elected.) Defendant State's Attorney cannot be held accountable for prosecutions conducted by other Illinois State's Attorneys.

ACLU attempts to elevate the mere *ability* to prosecute to a credible *threat* of prosecution, while glossing over the logistics and sequence of events that predicate such prosecution. For example, in order for a credible threat of prosecution to exist, ACLU or its participants must: (1) use an eavesdropping device to intercept or record a conversation of a police and civilian encounter in violation of 720 ILCS 5/14-2; (2) in a manner not exempted pursuant to Section 14-3 of the Act; and (3) without the consent of the individuals recorded. Even if ACLU could establish such acts, it still must be able to allege that law enforcement will definitely investigate those actions and charge Plaintiff or its participants with a violation of the Act. For six reasons, ACLU has not alleged a credible threat of prosecution.

First, Plaintiff has expressed its intent to violate the Act; however, Plaintiff certainly cannot guarantee it will ever observe a police and citizen encounter at any point in time, let alone one involving police misconduct. Plaintiff necessarily speculates that its members will happen onto a confrontation between the police and third parties. Granted, Plaintiff asserts that it will implement the ACLU program at pre-planned events; it also alleges that it wishes to enjoin prosecutions for those random "spontaneous expressive events" between police officers and civilians. (Dkt. 36, Ex. 1, ¶ 17.) By asserting an injury to "spontaneous expressive" conduct, Plaintiff concedes that any injury is speculative and not actual or imminent. Plaintiff implicitly admits that it has no idea within what context or framework the ACLU program will be implemented, let alone the nature and facts of any encounter that might occur. Plaintiff's

allegations create countless possibilities of when it will actually initiate its program, making any asserted injury conjectural and hypothetical.

Second, Plaintiff cannot guarantee with any certainty that its members' recordings will fall outside of the enumerated exemptions under Section 14-3 of the Act. For example, some of the conduct in which the ACLU's members wish to engage (*i.e.*, the recording, without consent, of criminal conduct) does not violate the Act. *See* 720 ILCS 5/14-3(i) (2010). Plaintiff cannot predict that any of its participants' opportunities to audio record police conduct will not also include the recording of criminal conduct.

Third, although Plaintiff alleges that its program is designated to record non-consensual encounters, Plaintiff cannot predict such a result. Plaintiff cannot guarantee that on any given occasion, the parties to the recorded conversation will not provide consent. *See Lyons*, 461 U.S. at 107-108.

Fourth, Plaintiff presumes its participants will be charged with violations of the Act. Yet, the ACLU, Connell, and Carter have never been arrested, accused, charged, prosecuted, or threatened with prosecution for its premeditated violation of the Act. In its motion, Plaintiff cites no example of conduct similar to the ACLU program for which the State's Attorney has charged and/or prosecuted any person. (*See* Dkt. 33, p. 4.) Plaintiff does not allege that any arresting agency in Cook County has promised or guaranteed that the ACLU, Connell, or Carter will be investigated, arrested, and charged with a violation of the Act for participating in the ACLU program. Plaintiff does not present any memoranda, general orders, or affidavits from law enforcement personnel that designate a policy for investigating, arresting, and charging participants in programs similar to that of the ACLU.

Fifth, Plaintiff cannot, except through pure speculation, assert that a victim of any illegal surreptitious recording will sign a criminal complaint against the person audio recording them.

Sixth, Plaintiff alleges that because the State's Attorney has the *ability* to prosecute under various theories of solicitation, accountability, and/or violation of the Act, there is a credible *threat* of prosecution. (Dkt. 36, Ex. 1, ¶ 25.) For example, Plaintiff submits that it is subject to prosecution as a corporate organization under 720 ILCS 5/5-4(a)(2); however, Plaintiff identifies no cases where the State's Attorney has ever prosecuted an organization, including the ACLU, pursuant to the Act. Moreover, Plaintiff does not assert that its corporate mission is to engage in eavesdropping or that its employees' violations of the Act are within the scope of their employment to attach civil or criminal liability.

In sum, Plaintiff cannot establish any actual or imminent injury without significant speculation. Plaintiff's allegations and its request for relief, in essence, invite this Court to issue a federal advisory opinion without any Article III case or controversy. This Court should decline Plaintiff's invitation.

### C. Plaintiff Does Not Have A Personal Stake In The Outcome Of The Police and Civilian Encounters.

In order to have Article III standing, a party seeking injunctive relief must have a personal stake in the outcome that he or she seeks. *See Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008) (recognizing that a person seeking injunctive relief needs to possesses a sufficient personal stake in the outcome to seek prospective relief); *see Lyons*, 461 U.S. at 101. In other words, a plaintiff cannot seek prospective injunctive relief that would apply to a third-party but may or may not apply to the plaintiff.

Nonetheless, without any legitimate or established legal basis, Plaintiff asks this Court to create an exception to Article III case law allowing third-party standing for First Amendment claims where the Plaintiff cannot demonstrate a personal and concrete interest in the outcome of the lawsuit. This Court should not do so.

The Seventh Circuit has recognized:

> "when a person or entity seeks standing to advance the constitutional rights of others, we ask two questions." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 n.3 (1989). First, has the litigant suffered some injury in fact sufficient to create a case or controversy in the Article III sense? And second, as a prudential matter, is the plaintiff the proper proponent of the particular legal rights he is asserting? *Id.*; *Singleton v. Wulff*, 428 U.S. 106, 112 (1976) (majority opinion). When a litigant attempts to assert the rights of a third party, "the standing question . . . is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

*Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). Here, the proposed litigants (ACLU, Connell, and Carter) have not suffered any injury in fact. And nothing remotely suggests that persons actually facing imminent or actual prosecution under the Act could not assert a constitutional challenge to the law. No basis exists for finding that ACLU, Connell, and Carter have standing as third-parties to challenge the Act.

Furthermore, cannot asset standing simply as an organization with a "special interest" in the issue being litigated. *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972). Here, Plaintiff has asserted that prosecutions under the Act will infringe ACLU, Connell, or Carter's First Amendment rights, without demonstrating in what way this trio will be adversely affected or aggrieved. Any special interest that ACLU, Connell, or Carter may have in the Act and in ACLU's proposed program does not establish actual injury under Article III. ACLU, Connell, and Carter are not parties affected by unlawful encounters between citizens and police officers, and do not have Article III standing to challenge the Act.

The constitution may well guarantee some person the right to petition government to redress injury caused by police misconduct. However, Plaintiff, merely through the act of audio taping such misconduct, is an unaffected third party, not the victim of the misconduct. The right to petition the government for redress extends only to the individual who suffers from a

cognizable constitutional violation by an official acting under color of law. Plaintiff cannot -- without significant speculation -- allege that police officers will victimize the ACLU, Connell, or Carter and that the Act will subsequently affect the trio's right to petition courts. Moreover, Plaintiff has not alleged that it is a press organization or that its conduct as a member of the press would not be covered by the Act's exemptions under Section 14-3 of the Act. None of Plaintiff's First Amendment arguments comport with existing law.

Finally, Plaintiff argues that the Act illegally treats citizens' and police conduct differently. However, Plaintiff cannot show how this fact causes any constitutional injury to Plaintiff or its members. Again, Plaintiff attempts to leapfrog the standing requirement without demonstrating any actual injury.

### D. Plaintiff does not have a right to make non-consensual audio recordings.

ACLU argues that it has standing to bring a pre-enforcement First Amendment challenge to the Act. (ACLU Mem. at 8.) This pre-supposes that the First Amendment confers a right to audio record persons without their consent. It does not.

Plaintiff has demonstrated no constitutional right to audio record police and civilian encounters. Defendant has discovered no court that has recognized a First Amendment right to audio record a conversation. *Matheny v. County of Alleghany*, 2010 U.S. Dist. LEXIS 24189 (W.D. Pa. March 16, 2010) (concluding that a First Amendment right to record the police was not clearly established); *Kelly v. Borough of Carlisle*, 2009 U.S. Dist. LEXIS 37618 (M.D. Pa. May 4, 2009) (same). The Seventh Circuit has held the United States Constitution does not guarantee the right to record a public event. *Potts v. City of Lafayette*, 121 F.3d 1106, 1111 (7th Cir. 1997)(holding that a plaintiff did not have a First Amendment right to tape record a public rally). Defendant submits that the act of audio recording a policeman or anyone else is conduct

that does not implicate the First Amendment and that the Act's prohibition on non-consensual audio recordings does not violate the First Amendment.

Plaintiff's amended complaint does not create a constitutional right which may result in actual injury to Plaintiff. A plaintiff has standing to assert a First Amendment right to receive speech only if the plaintiff can demonstrate a willing speaker. *Ind. Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007). The right to willingly speak is superior to the right to receive, and the derivative right to receive is not triggered until after the speaker voluntarily assents to participate in a conversation.

## II.    Plaintiff Cannot Establish The Elements For A Preliminary Injunction.

As previously stated in Defendant's response to Plaintiff's motion for preliminary injunction, the movant must show that: (1) there is a likelihood of success on the merits of the case, (2) no adequate remedy at law exists, (3) the movant will suffer irreparable harm if the injunction is not granted, (4) the irreparable harm the nonmovant will suffer if the injunction is granted is not great than the irreparable harm to the movant if relief is denied, and (5) the effect of granting the injunction will not harm the on the "public interest." *Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1114 (7th Cir. 1997). In response to Plaintiff's original motion for preliminary injunction (*see* Dkt. 23), Defendant established that Plaintiff cannot demonstrate that it meets any of these five requirements for preliminary relief. Plaintiff's amended complaint and new motion for preliminary injunction contains no new factual allegations that materially affect any of the arguments previously raised by Defendant. The State's Attorney therefore adopts its earlier arguments in opposition in Dkt. 23 and will allow them to stand in opposition to Plaintiff's new motion for preliminary relief. Moreover, if this Court allows Plaintiff's amended complaint, Defendant requests an opportunity to fully respond to Plaintiff's motion for preliminary relief.

## **CONCLUSION**

The Court properly ruled that Plaintiff does not have standing and, accordingly, properly dismissed Plaintiff's complaint. Plaintiff should be denied leave for any amendment because, as the proposed amended complaint demonstrates, any amendments will be futile. Furthermore, because Plaintiff lacks standing, this Court should dismiss Plaintiff's request for preliminary injunction.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    /s/ James C. Pullos
James C. Pullos
ARDC#6275728

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Donald J. Pechous
Paul A. Castiglione
Jeffrey S. McCutchan
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5105

14