IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| The American Civil Liberties Union of Illinois, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 10 C 5235 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| Anita Alvarez, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The American Civil Liberties Union of Illinois ("the ACLU") sues Anita Alvarez, in her official capacity as Cook County State's Attorney, seeking declaratory and injunctive relief with respect to the Illinois Eavesdropping Act, 720 ILCS 5/14 ("the Act"). The case was previously dismissed for lack of standing [33]. The court entered a judgment dismissing the case without prejudice [34]. The ACLU moves to alter the judgment, file an amended complaint, add two individuals as plaintiffs and obtain a preliminary injunction.

## PROCEDURAL ISSUE

The judgment at issue dismissed the case without prejudice. Fed. R. Civ. P. 41(b). As a result of the entry of a final judgment, the ACLU lost the right to amend its complaint. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment") (quoting *Camp v. Gregory*, 67 F.3d 1286, 1289-90 (7th Cir. 1995)); *Paganis v. Blonstein*, 3 F.3d 1067, 1070, 1072-73 (7th Cir. 1993) (dismissal of the case causes the plaintiff to choose between filing an appeal or moving to alter the judgment and amend the complaint).

Pursuant to Rules 59(e) and 15(a), the ACLU moves for leave to alter judgment and file the amended complaint attached to its motion. *Sparrow v. Heller*, 116 F.3d 204, 205-06 (7th Cir. 1997). The ACLU timely filed its motion within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). In order to decide whether to grant Rule 59(e) relief, the court must consider the merits of the ACLU's motion for leave to amend its complaint. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994); *Paganis*, 3 F.3d at 1073, n.7. Leave to amend should not be granted if amendment would be futile, the ACLU acted with undue delay, bad faith or dilatory motive, the ACLU repeatedly failed to cure deficiencies by amendments previously allowed, or undue prejudice to the State's Attorney would occur if amendment were permitted. *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). The relevant inquiries here are whether the ACLU's amended complaint cures deficiencies in its initial complaint related to the issue of standing, and whether amendment would be futile.

## BACKGROUND

The following facts are derived from the amended complaint. The ACLU is a non-profit organization with more than 20,000 members; its asserted mission is to defend and expand federal and state rights. ACLU Memo, Ex. 1 (Am. Compl.) at ¶ 7. To that end, the ACLU gathers, receives and records information, which it then publishes or disseminates to the general public, or presents to a governmental entity in order to petition for redress of grievances. *Id.* at ¶¶ 13-14.

To assist in deterring and detecting police misconduct, the ACLU has developed a program to "audio record police officers, without the consent of the officers, when (a) the officers are performing their public duties, (b) the officers are in public places, (c) the officers are

2

speaking at a volume audible to the unassisted human ear, and (d) the manner of recording is otherwise lawful." *Id.* at ¶ 3. The ACLU was prepared to audio record police while monitoring a Chicago Police Department program of suspicionless container searches on Chicago's lakefront on June 10, 2010, and during a protest at the James R. Thompson Center on November 8, 2010. *Id.* at ¶ 22. The ACLU, Colleen Connell, ACLU executive director, and Allison Carter, an ACLU employee, are prepared to immediately audio record police officers in public places, whether planned or spontaneous. *Id.* at ¶¶ 3, 17. Connell would direct Carter to audio record police at an annual anti-war protest in spring 2011, and Carter would do so. *Id.* at ¶ 23.

The ACLU, Connell and Carter have not carried out the ACLU's program due to fear of prosecution by the State's Attorney under the Act. *Id.* at ¶¶ 19, 23. The Act provides that a first offense of nonconsensual eavesdropping is a Class 4 felony. *Id.* at ¶ 32(d) (citing 720 ILCS 5/14-4(a)). "A person commits eavesdropping when he . . . [k]nowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation . . . unless he does so . . . with the consent of all of the parties to such conversation. . . ." *Id.* at ¶ 32(a) (citing 720 ILCS 5/14-2(a)(1)(A)). The ACLU, Connell and Carter cite two pending prosecutions of individuals under the Act by the State's Attorney, seven other prosecutions under the Act by state's attorneys in other Illinois counties, and several prosecutions by the State's Attorney of private corporations for various criminal offenses other than violations of the Act. *Id.* at ¶¶ 25(c), 25(e), 25(h), 39, 40.

## ANALYSIS

The original complaint failed to allege a credible, imminent threat of prosecution against the ACLU or its members by the State's Attorney under the Act [33]. The ACLU did not have standing and thus the court lacked jurisdiction. *Id.* The ACLU proposes an amended complaint with additional allegations and two individual plaintiffs that cure the limited ground for dismissal of the original complaint.

The ACLU bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); *Pollack v. United States Dep't of Justice*, 577 F.3d 736, 739 (7th Cir. 2009), *cert. denied*, – U.S. –, 130 S. Ct. 1890, 176 L. Ed. 2d 364 (2010). In determining whether the ACLU has met its burden, all well-pleaded allegations of the amended complaint are accepted as true, and all reasonable inferences are drawn in its favor. *Defenders of Wildlife*, 504 U.S. at 561, 112 S. Ct. at 2137 (stating motion to dismiss standard); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975) (same); *Disability Rights Wisconsin, Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008) (same). The ACLU must show that it "is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, – U.S. –, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009).

The State's Attorney contends the ACLU's amended complaint remains speculative, citing *Boyle v. Landry*, 401 U.S. 77, 91 S. Ct. 758, 27 L. Ed. 2d 696 (1971), *O'Shea v. Littleton*, 414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.

4

Ct. 1660, 75 L. Ed. 2d 675 (1983). *Boyle* challenged Illinois statutes prohibiting mob action, resisting arrest, aggravated assault, aggravated battery and intimidation. 401 U.S. at 78, 91 S. Ct. at 758-59. The Supreme Court found the *Boyle* complaint failed to allege any threat to arrest or prosecute any of the plaintiffs, and that the plaintiffs challenged state statutes and city ordinances believing they may be relied upon for future, bad-faith prosecutions against them. 401 U.S. at 81, 91 S. Ct. at 760. *O'Shea* was a civil rights case contesting illegal bond setting, sentencing and jury fee practices in criminal cases before a county magistrate and a county circuit court associate judge; the threat of injury was deemed speculative. 414 U.S. at 488, 491-92, 94 S. Ct. at 669, 674. The plaintiffs did not assert any constitutional right to engage in proscribed conduct or indicate an intention to do so. 414 U.S. at 498, 94 S. Ct. at 677. *Lyons* involved an allegation the plaintiff was illegally choked by police during a prior traffic stop; the Court found no immediate threat that he would be subjected to a chokehold during a future traffic stop. 461 U.S. at 105-06, 103 S. Ct. at 1667. He lacked standing to seek injunctive relief. 461 U.S. at 110, 103 S. Ct. at 1669-70.

Unlike *Boyle, O'Shea* and *Lyons*, the ACLU alleges it has been and continues to be deterred in carrying out the ACLU program. The ACLU intended to audio record police activity at events on June 10 and November 8, 2010. ACLU Memo, Ex. 1 at ¶¶ 22, 44. The ACLU, as well as Connell and Carter, intend to immediately audio record police activities, including at an anti-war protest in spring 2011. *Id.* at ¶¶ 3, 23. The ACLU, Connell and Carter have not audio recorded police officers without their consent due to fear of prosecution by the State's Attorney under the Act. *Id.* at ¶¶ 19, 23. The ACLU relies upon the State's Attorney's current prosecution of two individuals

under the Act and cites prosecutions of corporations for violating other criminal statutes.[1] *Id.* at ¶¶ 25(c), 25(h), 39. The State's Attorney has declined to state she would forego prosecution if the ACLU audio records police officers without their consent. *Id.* at ¶¶ 25(d), 46.

The State's Attorney contends that the ACLU, Connell and Carter cannot assure they will be arrested or prosecuted for violating the Act. A guarantee of injury is not required. *Brandt v. Village of Winnetka, Illinois*, 612 F.3d 647, 649 (7th Cir. 2010). Prosecution of the ACLU, Connell and Carter under the Act is at least "remotely possible," and they are not required to expose themselves to arrest or prosecution to challenge the Act. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298-99, 99 S. Ct. 2301, 2309, 60 L. Ed. 2d 895 (1979) (quoting *Younger v. Harris*, 401 U.S. 37, 42, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971)); *see also Kucharek v. Hanaway*, 902 F.2d 513, 516 (7th Cir. 1990) (even though no prosecutions under a new obscenity statute occurred, standing existed where plaintiffs demonstrated they wanted to sell materials and were deterred due to fear of prosecution), *cert. denied*, 498 U.S. 1041, 111 S. Ct. 713, 112 L. Ed. 2d 702 (1991).

The ACLU is not required to show the State's Attorney has threatened prosecution. *Majors v. Abell*, 317 F.3d 719, 721 (7th Cir. 2003). The same holds true for Connell and Carter, if added as plaintiffs. *Id.* The threat of prosecution is credible and imminent. *Commodity Trend Service, Inc. v. Commodity Futures Trading Com'n*, 149 F.3d 679, 687 (7th Cir. 1998) (credible threat existed where the government declined to affirm it would not enforce statute in issue).

---

[1] The ACLU also cites prosecutions by seven other Illinois state's attorneys of individuals under the Act. Because the ACLU alleges it intends to audio record police only in Cook County, prosecutions in other counties are not considered.

The ACLU has cured the limited standing deficiencies addressed in the memorandum opinion dismissing the original complaint by sufficiently alleging a threat of prosecution. However, the credible, imminent threatened injury must implicate a constitutional right. The ACLU has not alleged a cognizable First Amendment injury. The ACLU cites neither Supreme Court nor Seventh Circuit authority that the First Amendment includes a right to audio record. *Cf., Potts v. City of Lafayette, Indiana*, 121 F.3d 1106, 1111 (7th Cir. 1997) ("there is nothing in the Constitution which guarantees the right to record a public event"). Amendment would therefore be futile.

The ACLU relies on *Federal Election Comm'n v. Akins*, 524 U.S. 11, 21, 24-25, 118 S. Ct. 1777, 1784, 1786, 141 L. Ed. 2d 10 (1998). In *Akins*, the Supreme Court recognized a failure to receive information may constitute a constitutional injury. *Akins* considered whether a group of voters had standing to challenge the Federal Election Commission's dismissal of their complaint. 524 U.S. at 13-14, 118 S. Ct. at 1780-81. The voters contended the American Israel Public Affairs Committee constituted a "political committee" required by the Federal Election Campaign Act to disclose information regarding its membership, contributions and expenditures. *Id.; see also Bensman v. United States Forest Service*, 408 F.3d 945, 955-57 (7th Cir. 2005) ("[t]he 'inability to obtain information' required to be disclosed by statute constitutes a sufficiently concrete and palpable injury to qualify as an Article III injury-in-fact") (quoting *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003) (quoting *Akins*, 524 U.S. at 21, 118 S. Ct. at 1784)). Unlike *Akins*, no statute requiring the disclosure of information is in issue here. The ACLU seeks to implement its own program of audio recording conversations of police officers without their consent (and presumably without the consent of other participants in the conversations). Denial of

7

access to statutorily required disclosures is not analogous to a purported First Amendment right to non-consensual audio recording of policies activities.

The State's Attorney argues that a "willing speaker" must exist to implicate the First Amendment's right to free speech. *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756, 96 S. Ct. 1817, 1823, 48 L. Ed. 2d 346 (1976). In *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545 (7th Cir. 2007), an organization failed to find a judicial candidate willing to answer the organization's questionnaire regarding various legal issues. *Id.* at 549. Because there were no candidates who were willing, but constrained, to speak, the court found the organization did not have standing. *Id.* at 549-50; *see also Bond v. Utreras*, 585 F.3d 1061, 1078 (7th Cir. 2009). The ACLU intends to audio record police officers speaking with one another or police officers speaking with civilians. The ACLU's program only implicates conversations with police officers. The ACLU does not intend to seek the consent of either police officers or civilians interacting with police officers. ACLU Memo., Ex. 1 at ¶ 3. Police officers and civilians may be willing speakers with one another, but the ACLU does not allege this willingness of the speakers extends to the ACLU, an independent third party audio recording conversations without the consent of the participants. The ACLU has not met its burden of showing standing to assert a First Amendment right or injury.

8

## CONCLUSION

Amendment would be futile. The ACLU has not alleged a constitutional right or injury under the First Amendment. Rather, the ACLU proposes an unprecedented expansion of the First Amendment. The court does not reach other asserted grounds for relief or the ACLU's renewed motion for preliminary injunction. Accordingly, the ACLU's motion to alter judgment and amend its complaint is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

January 10, 2011

9