**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Case No. 10 CV 5235 |
| v. ) ) | Judge Sharon J. Coleman |
| ANITA ALVAREZ, Cook County State's Attorney, in her official capacity, ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. ) ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by its counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, respectfully moves for summary judgment. In support of this motion, plaintiff states as follows:

1. The gravamen of this suit is whether the Illinois Eavesdropping Act ("the Act") violates the First Amendment as applied to the ACLU Program of advancing police accountability by means of openly audio recording police officers, without their consent, when (1) the officers are performing their public duties; (2) the officers are in public places; (3) the officers are speaking at a volume audible to the unassisted human ear; and (4) the manner of recording is otherwise lawful.

2. The Seventh Circuit in this case recently held that the application of the Act to the ACLU Program triggers at least mid-level scrutiny under the First Amendment. Slip op. at 3,

22-39.[1] Next, the Seventh Circuit held that the likelihood of success factor in this case "raises only a legal question" (*id.* at 11); that the application of the Act to the ACLU Program is not narrowly tailored to privacy (*id.* at 3, 46, 48, 50, 52) or public safety (*id.* at 49); that the application of the Act to the ACLU Program "very likely" fails mid-level scrutiny (*id.* at 3, 45); and that the ACLU has a "strong likelihood" of success on the merits of its First Amendment claims (*id.* at 52). Finally, the Seventh Circuit remanded with instructions to allow plaintiff's amended complaint, and to enter a preliminary injunction. *Id.* at 52.

3. Plaintiff now is entitled to:

 (a) summary judgment in its favor;

 (b) a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure that the application of the Act to the ACLU Program violates the First Amendment; and

 (c) a permanent injunction under Rule 65(d) of the Federal Rules of Civil Procedure that enjoins defendant Anita Alvarez from prosecuting the ACLU and its employees and agents under the Act for audio recording on-duty police pursuant to the ACLU Program.

4. There is no genuine dispute as to any material fact, and plaintiffs are entitled to judgment as a matter of law.

5. In support of this motion, plaintiffs submit a legal memorandum, and a statement of material facts (including a supporting declaration and other materials).

---

[1] The current Westlaw version of the Seventh Circuit's opinion does not contain page citations. *See ACLU of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012). Accordingly, this motion cites to the Seventh Circuit's slip opinion. *See* Dkt. No. 54 (the certified copy of that opinion transmitted from the Seventh Circuit to this Court).

WHEREFORE, plaintiff respectfully requests that this Court (a) award summary judgment for plaintiff, (b) enter a declaratory judgment that the application of the Act to the ACLU Program violates the First Amendment, and (c) permanently enjoin Alvarez from prosecuting the ACLU and its employees and agents under the Act for audio recording on-duty police pursuant to the ACLU Program.

DATED: June 26, 2012

Respectfully submitted:

_s/ Richard J. O'Brien _____
Counsel for plaintiff

| | |
|---|---|
| HARVEY GROSSMAN | RICHARD J. O'BRIEN |
| ADAM SCHWARTZ | LINDA R. FRIEDLIEB |
| KAREN SHELEY | MATTHEW D. TAKSIN |
| Roger Baldwin Foundation | Sidley Austin LLP |
|    of ACLU, Inc. | One South Dearborn |
| 180 N. Michigan Ave. Suite 2300 | Chicago, IL 60603 |
| Chicago, IL 60601 | (312) 853-7000 |
| (312) 201-9740 | |