**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| American Civil Liberties Union of Illinois, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Anita Alvarez,<br><br>Defendant. | Case No. 10 C 5235<br><br>The Honorable Judge Sharon Johnson Coleman |

**MOTION OF DEFENDANT ANITA ALVAREZ TO STAY PROCEEDINGS, OR ALTERNATIVELY, TO STAY BRIEFING OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO ALLOW DISCOVERY**

Defendant ANITA ALVAREZ, in her official capacity as State's Attorney of Cook County, by her attorneys, Deputy State's Attorney PATRICK T. DRISCOLL, JR., and Assistant State's Attorneys, DONALD J. PECHOUS, PAUL A. CASTIGLIONE, JEFFREY S. MCCUTCHAN, and JAMES C. PULLOS, moves this Court pursuant to Rule 26 and Rule 56(d) of the Federal Rules of Civil Procedure to stay all proceedings in the District Court so that State's Attorney Alvarez may prepare and file a petition for writ of *certiorari* in the instant case to the United States Supreme Court. Alternatively, State's Attorney Alvarez moves to stay briefing of Plaintiff's motion for summary judgment and allow discovery. In support, State's Attorney Alvarez (the "State's Attorney") states as follows:

**PROCEDURAL HISTORY**

1.  On May 8, 2012, the Seventh Circuit issued an opinion in *ACLU v. Alvarez*, 679 F.3d 583, 2012 U.S. App. LEXIS 9303 (7th Cir. May 8, 2012) reversing the

decision of the District Court's dismissal of the Plaintiff ACLU's lawsuit challenging the Illinois Eavesdropping Act ("the Act") codified at 720 ILCS 5/14-2 (2012). The Seventh Circuit held that the Act's prohibition of ACLU's intention to openly audio record police officers speaking with civilians in public "burdens First Amendment rights directly, not incidentally." *Alvarez*, 2012 U.S. App. LEXIS 9303 at *52. As a result, the State's Attorney must demonstrate that the Act is a valid time, place, and manner regulation.

    2.    In its opinion, the court decided that the Act is content neutral on its face subject to intermediate scrutiny. *Id.* at *54. Although the court stated that "[t]he ACLU's challenge is likely to succeed under any of the less rigorous standards of scrutiny that apply to restrictions on speech," the court clearly left this question to be resolved in the District Court where it recognized that "the State's Attorney will have to justify this application of the eavesdropping statute under some form of intermediate scrutiny." *Id.* at *56-*57. Although, the court concluded that "the ACLU has a strong likelihood of success on the merits of its First Amendment claim" because "the eavesdropping statute is not closely tailored to the government's interest in protecting conversational privacy" and "[the court] need not decide whether it leaves open adequate alternative channels for this kind of speech," *id.* at *65, *68, the court did not foreclose the State's Attorney's right to prove her defense of the Act.

    3.    The Seventh Circuit reversed and remanded this matter with instructions to enter a preliminary injunction enjoining the State's Attorney and conduct such further proceedings as are consistent with its opinion. *Id.* at *68-*69.

4. On May 29, 2012, State's Attorney Anita Alvarez filed a petition for panel rehearing pursuant to Federal Rule of Appellate Procedure 40 and Circuit Rule 40.

5. On June 14, 2012, the Seventh Circuit issued an order denying State's Attorney Alvarez' petition for rehearing.

6. On June 22, 2012, the Seventh Circuit issued the mandate to the District Court.

7. On June 25, 2012, Plaintiff filed its motion for preliminary injunction.

8. On June 26, 2012, Plaintiff filed its motion for summary judgment.

9. State's Attorney Alvarez will file a petition for writ of *certiorari* within 90 days of the Seventh Circuit's order denying Alvarez' petition for rehearing. (See Affidavit of James C. Pullos attached hereto as Exhibit A).

## ARGUMENT

10. The State's Attorney moves for this Court to stay all proceedings in this matter until the Supreme Court decides the State's Attorney petition for writ of *certiorari*.

11. As stated *supra*, the State's Attorney will file a petition for writ of *certiorari* with the Supreme Court. If granted, the Court may reverse the Seventh Circuit, find that the Act does not facially violate the First Amendment and affirm the district court's dismissal of Plaintiffs' First Amended Complaint. As such, the outcome of this appeal may be dispositive of this litigation. *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970)("A stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an acceptable

means of avoiding unnecessary duplication of judicial machinery.").

12. By filing a petition for writ of certiorari, the undersigned attorney certifies to this Court that this motion seeking a stay of the proceedings is not being filed for purposes of delay, that the State's Attorney will actually file a petition for a writ of *certiorari* within the time allowed and that the petition will assert substantial questions of law, including: (1) whether the First Amendment prohibits States from barring third-parties from engaging in private surveillance through the audio-recording of conversations between public officials and other persons and (2) whether Illinois' Eavesdropping Act violates the First Amendment rights of prospective audio recorders because it prohibits the audio recording of a conversation without the consent of all parties to the conversation. (Ex. A).

13. If a stay of the proceedings is denied, the State's Attorney, and the public interest she represents, will suffer irreparable injury in proceeding with this litigation where she will have to commit and expend public resources to defend the Act in the District Court when the United States Supreme Court may ultimately find that the Act is constitutional and does not facially violate the First Amendment. (Ex. A).

14. The State's Attorney does not seek a stay of entry of the preliminary injunction. As such, the ACLU will not suffer harm while the State's Attorney exhausts her appeal rights. (Ex. A).

15. Alternatively, if this Court does not allow a stay of proceedings, the State's Attorney moves to stay briefing of Plaintiff's motion for summary judgment so that the State's Attorney may develop a record in order to properly respond, including

4

taking the depositions of the Plaintiffs, disclosing any expert testimony, or discovering other evidence. (Ex. A).

16. Pursuant to Federal Rule of Civil Procedure 56(d)(2), the court may allow discovery so that a non-movant can present facts essential to justify its opposition.

17. A district court has wide discretion over its decisions on discovery matters. *Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983). Limitations on the manner and course of discovery will be reversed only upon a showing that the limitation is "improvident and prejudices a party's substantial rights." *In re Rassi*, 701 F.2d 627, 631 (7th Cir. 1983); *Brown-Bey*, 720 F.2d at 471.

WHEREFORE, Anita Alvarez, State's Attorney of Cook County, respectfully asks this Honorable Court to stay all proceedings to enable her to prepare and file a petition for writ of *certiorari* in the instant case with the United States Supreme Court within ninety days, or alternatively, to allow the State's Attorney to take discovery for her response to the ACLU's motion for summary judgment.

                                        Respectfully submitted,

                                        ANITA ALVAREZ
                                        State's Attorney of Cook County

                                  By:  /s/ James C. Pullos
                                          James C. Pullos
                                          Assistant State's Attorney

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Donald J. Pechous
Paul A. Castiglione

Jeffrey S. McCutchan
James C. Pullos
Assistant State's Attorneys
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5105
*Attorneys for the Defendant, Anita Alvarez*