IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANITA ALVAREZ, Cook County State's Attorney, in her official capacity, )<br>)<br>Defendant. ) | Case No. 10 CV 5235<br><br>Judge Sharon J. Coleman<br><br>Magistrate Judge<br>Sidney I. Schenkier |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS
OR STAY SUMMARY JUDGMENT BRIEFING**

Plaintiff The American Civil Liberties Union of Illinois (the "ACLU") opposes defendant Cook County State's Attorney Anita Alvarez's motion to either (1) stay all proceedings pending filing and resolution of her petition for writ of certiorari, or (2) stay summary judgment briefing to allow discovery under Rule 56(d)(2). Both stays are contrary to well-settled law and seek needless delay in final adjudication of this case on the merits.

**I. Alvarez's motion to stay all proceedings pending her forthcoming certiorari petition**

Alvarez does not meet any of the requirements for a stay pending the filing and disposition of a writ of certiorari. "To obtain a stay pending the filing and disposition of a petition for a writ of certiorari, an applicant must show (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 130 S. Ct. 705, 709-10 (2010). *Accord. McBride v. CSX Transp., Inc.*, 611 F.3d 316, 317 (7th Cir. 2010)

1

(Ripple, J., in chambers) (same standard on a Rule 41(d)(2)(A) motion to the circuit court to stay the mandate pending resolution of a certiorari petition); *Wedgewood Ltd. P'Ship I v. Township of Liberty*, 2010 WL 4808529, *1 (S.D. Ohio 2010) (same standard on a motion to the district court to stay proceedings pending resolution of a certiorari petition).

### A. Alvarez cannot prove a likelihood of success.

Alvarez cannot meet her burden of proving the first element of the test — that is, of proving a reasonable probability that four Justices will vote to grant certiorari. Certiorari is granted only when there is a conflict with Supreme Court precedent, or a circuit split, or the case raises an issue of particular importance. *See* U.S. Sup. Ct. Rule 10(a) & (c); *Camreta v. Greene*, 131 S. Ct. 2020, 2033 (2011).

Here, there is no circuit split. Rather, the appellate courts that have reached the question agree that the First Amendment protects the right of civilians to audio record on-duty police. *ACLU of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012); *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011). This question was not reached in *Kelly v. Borough of Carlisle*, 622 F.3d 248 (3rd Cir. 2010), which instead granted qualified immunity from damages on the grounds that this right was not clearly established. Further, the Seventh Circuit concluded that the holding in this case is consistent with its earlier decision in *Potts v. City of Lafayette*, 121 F.3d 1106 (7th Cir. 1997). *See* Dkt. No. 54, *ACLU of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), Slip Op. at 14-16.[1]

---

[1] A host of other federal courts likewise have protected the First Amendment right to record on-duty police. *See, e.g., Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) (finding a right to "photograph or videotape" police); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995) (finding a right "to film matters of public interest," including police activity at a political rally); *Schnell v. City of Chicago*, 407 F.2d 1084, 1086 (7th Cir. 1969) (finding a right to photograph police at the 1968 Democratic National Convention), *overruled on other grounds by City of Kenosha v. Bruno*, 412 U.S. 507 (1973); *Robinson v. Fetterman*, 378 F. Supp. 2d 534, 541 (E.D. Pa. 2005) (finding a right to film police). *See also Dorfman v. Meiszner*, 430 F.2d

Next, the Seventh Circuit's opinion in this case is consistent with, and indeed is required by, Supreme Court precedent. The Seventh Circuit's holding that the First Amendment protects audio recording of police rests on ample Supreme Court precedent. Dkt. No. 54, Slip Op. at 23-30, discussing *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 502 (1952) (holding that movies are a protected form of speech); *Citizens United v. FEC*, 130 S. Ct. 876, 896 (2010) (holding that "[l]aws enacted to control or suppress speech may operate at different points in the speech process"); *Minneapolis Star & Tribune Co. v. Minn. Comm'r of Revenue.*, 460 U.S. 575, 582 (1983) (holding that a tax on ink and paper "burdens rights protected by the First Amendment"); *Nixon v. Shrink Gov't PAC*, 528 U.S. 377, 400 (2000) (Breyer, J., concurring) (money contributions are "a matter of First Amendment concern," though money "is not" speech, because money "enables speech"); *Ariz. Free Enterpr. Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806, 2828 (2011) (holding that "a major purpose of the First Amendment was to protect the free discussion of governmental affairs") (internal quotation mark omitted); *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 783 (1978) (holding that the First Amendment "prohibit[s] government from limiting the stock of information from which members of the public may draw"); *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972) (holding that "news gathering" enjoys First Amendment protection).

The Seventh Circuit also followed Supreme Court precedent in support of its holding that the application of the Illinois Eavesdropping Act to the ACLU Program does not advance Alvarez's privacy interest. Dkt. No. 54, Slip Op. at 45-46, discussing *Katz v. United States*, 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public . . . is not a subject of

---

558, 561-62 (7th Cir. 1970) (finding a right to take audio, video, and photos of demonstrators outside the Dirksen Courthouse).

Fourth Amendment protection."); *id.* at 361 (Harlan, J., concurring) ("[C]onversations in the open would not be protected against being overheard, for the expectation of privacy under the circumstances would be unreasonable.").

Many other Supreme Court precedents undergird the Seventh Circuit's decision in this case. Some hold that the First Amendment protects expressive activity in public forums. *See, e.g., Boos v. Barry*, 485 U.S. 312, 318 (1988). Others hold that the First Amendment protects the gathering of information on matters of public concern. *See, e.g., Bd. of Educ. v. Pico*, 457 U.S. 853, 867 (1982) (plurality) (in libraries); *Richmond Newspapers v. Virginia*, 448 U.S. 555, 576 (1980) (plurality) (in courtrooms).[2]

In her stay motion, Alvarez cites no Supreme Court authority indicating that the Seventh Circuit's decision in this case was wrongly decided. Neither does the dissenting opinion from the Seventh Circuit's decision in this case. *See* Dkt. No. 54 at 53-66. Further, while Alvarez argued in her rehearing petition, as she does now in her stay request, that the Seventh Circuit's opinion in this case created a circuit split (App. Ct. Dkt. No. 50 at 12-14), no active Seventh Circuit judge requested a vote on that *en banc* petition or even for a responsive brief (App. Ct. Dkt. No. 52), showing that none perceived a circuit split or contrary Supreme Court precedent.

In addition, Alvarez's certiorari petition will not raise an important question, because the Illinois Eavesdropping Act is (in the words of the Seventh Circuit) "a national outlier." Dkt. No. 54, Slip Op. at 50. Specifically: "As best we can tell, the Illinois statute is the broadest of its kind; no other wiretapping or eavesdropping statute prohibits the open recording of police officers lacking any expectation of privacy." *Id.* at 22 n.4. *See also* Dkt. No. 57 (ACLU

---

[2] Still others hold that the First Amendment protects the right to receive information, even if (unlike here) only for private use. *See, e.g., Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 757 (1976).

summary judgment memo) at 2-3 (showing that the eavesdropping statutes in the other states, unlike the one in Illinois, would not bar the ACLU Program). Accordingly, the Seventh Circuit's ruling that the Illinois Eavesdropping Act violates the First Amendment as applied to the ACLU Program does not raise an important question of national import.

Finally, since the decision of the Seventh Circuit is not one that reasonably may be shown to garner Supreme Court review and is based on existing Supreme Court precedent, defendant has not, and cannot, demonstrate that she has a fair prospect that five members of Court would reverse the Circuit Court's decision.

### B. Alvarez cannot prove irreparable harm.

Even if Alvarez could prove a likelihood of success on her certiorari petition, the motion for a stay of all proceedings must be denied because Alvarez cannot meet her separate burden of proving "a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth*, 130 S. Ct. at 709-10. The only conceivable harm that a prosecutor could assert in these circumstances is that which would occur through the inability to enforce the law. But that is the very "harm" that Alvarez agreed to submit the county to when she chose not to pursue a stay of the mandate and also when she advised this Court that she would not in this Court seek to stay the entry of a preliminary injunction. Dkt. No. 60, ¶ 14.

Apparently recognizing this fact, Alvarez proffers an alternative and novel form of irreparable harm: her office "will have to commit and expend public resources to defend the Act in the District Court" during the pendency of the certiorari petition. Dkt. No. 60, ¶ 13. Alvarez cites no authority holding that the expenditure of the time of government lawyers, and ordinary out-of-pocket litigation costs, can comprise irreparable harm justifying a stay of all proceedings pending resolution of a certiorari petition. Indeed, such a position is contrary to authority. *See*

*F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co., Inc*., 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.")); *Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 845 (7th Cir. 2009) ("[T]he expense of litigation is not 'irreparable injury.' This proposition is so fundamental to our legal system that we have labeled frivolous the sort of argument Bluegrass Marine presents.").

Thus, Alvarez can show no irreparable harm, so her stay must be denied. But even if Alvarez could show it: "In close cases . . . the Court will balance the equities and weigh the relative harms to the applicant and to the respondent." *Hollingsworth*, 130 S. Ct. at 709-10. While the ACLU will be temporarily protected by a preliminary injunction whether or not this Court grants the stay (Dkt. No. 60, ¶ 14), the ACLU has a right, after two years of litigation, to conduct its affairs with the degree of certainty that only a final injunction can secure. The expansion of the ACLU's police accountability program to include videography will entail the expenditure of funds that the ACLU should be able to undertake with the knowledge that such resources are being responsibly spent. If Alvarez truly has some evidence-based attack on the Seventh Circuit decision, the ACLU has a right to see it now. Moreover, there is no reasonable likelihood Alvarez will obtain certiorari, and the ACLU should not be required to pay for Alvarez's tenuous strategy with a delay in obtaining final relief. Finally, given the relative ease with which this matter can be concluded, it is pointless for Alvarez to seek Supreme Court review of the interim decision of the Seventh Circuit. In a matter of weeks, the entire case can be concluded in this Court, and if Alvarez wants further review, she can seek it for a final injunction with a record complete with the evidence Alvarez seeks to proffer (*see* Part II *infra*).

The ACLU also has an associational goal of advancing the First Amendment right to audio record certain on-duty police, not just for the ACLU, but also for all members of the general public who interact with or monitor police. The ACLU filed an amicus brief, and has assisted defense attorneys, in many of the prosecutions under the Illinois Eavesdropping Act of civilians who audio record police, including prosecutions brought by Alvarez. Even with the preliminary injunction in place, during the period of a stay Alvarez will remain free to prosecute non-ACLU parties who record police, as are other State's Attorneys, who in fact are even free to prosecute the ACLU. The entry of a permanent injunction, and the exhaustion or waiver of any review by the Seventh Circuit or Supreme Court, will create a final opinion on which third parties can more securely rely upon in undertaking their own audio-recording of certain on-duty police. The stay now sought by Alvarez will needlessly delay this finality. Other parties will be forced to continue to abstain from audio recording on-duty police, or to assume the risk of prosecution and imprisonment for as many as 15 years.

## II.     Alvarez's motion to stay summary judgment briefing

Alvarez has also failed to meet the exacting requirements to secure a stay of summary judgment briefing pending discovery. To avoid a ruling on a summary judgment motion under Rule 56(d)(2), it is necessary "to demonstrate why" the discovery sought was "likely to generate any genuine issue of material fact." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000); *see also Xie v. Hospira, Inc.*, 2011 WL 1575530, *2 (N.D.Ill. April 27, 2011) ("a party invoking the rule must do so in good faith by showing how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.") (internal quotes omitted)*; Jacoby v. Shimka Auto Wreckers, Inc.,* 2010 WL 3171515, at *3 (N.D. Ill. Aug. 11, 2010). "[P]ure speculation" "is far too slender

7

a reed upon which to hang a discovery request." *Woods,* 234 F.3d at 991. Rather, the moving party must "specify the information" that it "hoped to discover." *Larsen v. Elk Grove Village,* 433 Fed. Appx. 470, 2011 WL 3606412, at *2 (7th Cir. July 27, 2011).

Rule 56(d)(2) (formerly Rule 56(f)) requires that the summary judgment nonmovant demonstrate by affidavit "that, for specified reasons, it cannot present facts essential to justify its opposition" in order for a court a to "allow time to obtain affidavits or declarations or to take discovery." "Rule 56(d) 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" *Xie*, 2011 WL 1575530, *2 (*quoting Lamb's Patio Theatre v. Universal Film Exch.*, 582 F.2d 1068, 1071 (7th Cir. 1978)). Yet, that is precisely what Alvarez seeks to do here.

The affidavit Alvarez has submitted falls far short of a showing that it seeks specific discovery that is likely to create some specific material issue of fact. Instead, Alvarez has identified two individuals she intends to depose (as well as an unspecified category of individuals associated with the ACLU), *see* Dkt. 60-1, ¶ 10, but has not identified *what* specific information it hopes to obtain or *how* that information would create any specific material issue of fact. *See Xie*, 2011 WL 1575530, *5 ("Because Xie's affidavit provides only speculation as to why Werner's testimony would aid him in opposing Hospira's summary judgment motion, Xie has not met his burden under Rule 56(d)."); *see also Davis v. G.N. Mortg. Corp.,* 396 F.3d 869, 885–86 (7th Cir. 2005) ("The only reason to believe that additional, relevant evidence would materialize from deposing the defendants' employees is the Davises' apparent hope of finding a proverbial "smoking gun"—that is, someone who will testify that he or she knows that a signed, two-year prepayment penalty provision did actually exist at some time and that the defendants

have either hidden, destroyed, or otherwise disposed of this document. This, however, is based on nothing more than mere speculation and would amount to a fishing expedition, which is an entirely improper basis for reversing a district court's decision to deny a Rule 56(f) motion."). Here, Alvarez has not even speculated as to what information the named witnesses or anyone else under the control of ACLU could provide that would create a genuine issue of material fact. There is not even a hope of a proverbial "smoking gun"; Alvarez proposes a classic fishing expedition.

Alvarez has also suggested that she intends to put forth expert discovery from "experts in the area of law enforcement and street investigations." Dkt. 60-1, ¶ 11. But she has provided no reason why she is unable to do so by simply attaching an affidavit or affidavits to her summary judgment opposition. Alvarez also has not explained why she could not identify experts and produce information in the time allotted for responding to the ACLU's motion. Alvarez has been on notice of this First Amendment litigation since August 2010 and of the Seventh Circuit's decision since May 8, 2012. The ability to develop this information is uniquely in the hands of Alvarez, as the chief prosecutor for Cook County, and she has provided no justification for her delay. There are constitutional rights at stake here, and this litigation has been ongoing for almost two years.

Moreover, Alvarez has not identified how this unspecified expert testimony from unspecified experts would create a disputed question of material fact. *See Woods*, 234 F.3d at 990; *see also Xie*, 2011 WL 1575530, *2. Vague statements about consulting with unidentified experts are insufficient to meet the specific threshold for a stay of summary judgment briefing under Rule 56(d)(2).

9

Alvarez simply fails to meet the stringent requirements of Rule 56(d)(2), and should be directed to respond to the ACLU's summary judgment motion on a reasonable schedule set by this Court.

## Conclusion

For the foregoing reasons, the ACLU respectfully requests that this Court deny Alvarez's motion for a stay of all proceedings pending filing and resolution of her certiorari petition, and alternatively for a stay of summary judgment briefing to allow discovery.

DATED: July 2, 2012

Respectfully submitted:

s/ Richard J. O'Brien
_____
Counsel for plaintiff

| | |
|---|---|
| HARVEY GROSSMAN | RICHARD J. O'BRIEN |
| ADAM SCHWARTZ | LINDA R. FRIEDLIEB |
| KAREN SHELEY | ROBERT LEIGHTON |
| Roger Baldwin Foundation | MATTHEW D. TAKSIN |
|    of ACLU, Inc. | Sidley Austin LLP |
| 180 N. Michigan Ave. Suite 2300 | One South Dearborn |
| Chicago, IL 60601 | Chicago, IL 60603 |
| (312) 201-9740 | (312) 853-7000 |