# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5235 | **DATE** | 7/10/2012 |
| **CASE TITLE** | ACLU of IL vs. Alvarez | | |

**DOCKET ENTRY TEXT**

A motion hearing was held on July 3, 2012, on defendant Anita Alvarez' Motion to Stay the Proceedings or Alternatively to Stay Briefing of Plaintiff's Motion for Summary Judgment to Allow Discovery. For the reasons stated herein, this Court grants Alvarez' Motion to Stay pending the filing of a Writ of Certiorari. Status hearing set to 10/29/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

A motion hearing was held on July 3, 2012, on defendant Anita Alvarez' Motion to Stay the Proceedings or Alternatively to Stay Briefing of Plaintiff's Motion for Summary Judgment to Allow Discovery. For the reasons stated herein, this Court grants Alvarez' Motion to Stay pending the filing of a Writ of Certiorari.

In a 2-1 decision the Seventh Circuit Court of Appeals reversed the District Court's dismissal of the ACLU's complaint challenging the Illinois Eavesdropping Act, 720 ILCS 5/14-2. The Seventh Circuit held that the statute's prohibition of all non-consensual audio recordings, though neutral on its face, even under the more lenient intermediate standard of scrutiny the statute very likely does not pass constitutional muster. "The Illinois eavesdropping statute restricts far more speech than necessary to protect legitimate privacy interests; as applied to the facts alleged here, it likely violates the First Amendment's free speech and free-press guarantees." Slip Op. at 3. The Court remanded with instructions to enter the preliminary injunction and allow the ACLU to file its Amended Complaint, which this Court has done and now must consider whether to

**STATEMENT**

stay the proceedings to allow Alvarez to seek a Writ of Certiorari.

The ACLU filed a brief in opposition to a stay asserting that under the standard set forth in *Hollingsworth v. Perry*, 130 S.Ct. 705, 709-710 (2010), Alvarez has not show that she is entitled to a stay. "To obtain a stay pending the filing and disposition of a writ of certiorari, an applicant must show (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of the stay." *Hollingsworth,* 130 S.Ct. at 709-710.

This Court finds that there is a reasonable probability that four justices will consider the issue sufficiently meritorious to grant certiorari. The Illinois statute, as noted by the Seventh Circuit, is an outlier in the country because it has no expectation of privacy provision and instead prohibits all non-consensual recordings. As the ACLU points out in its opposition brief, the Seventh Circuit's opinion is well grounded in Supreme Court First Amendment precedent, yet the Court has not considered the precise issues here – whether the police have any legitimate privacy interest in their public statements and activities while on duty, which is precisely why the Court may choose to hear the case. While it may be likely that the Supreme Court will affirm the Seventh Circuit's decision, it would likely do so with greater finality and expediency than if this matter proceeds in this Court and through a second appeal to the Seventh Circuit. Finally, this Court finds the last requirement to be a draw. Of course, Alvarez will not suffer any harm by not prosecuting anyone under this statute. At the same time, the ACLU has the benefit of a preliminary injunction protecting their activities and precluding prosecution under the Act during the pendency of this case. Therefore, this Court will stay further proceedings of this case until resolution of defendant's Writ of Certiorari. The ACLU's Motion for Summary Judgment is entered and continued. Status hearing set to 10/29/2012 at 9:00 a.m.