**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, COLLEEN CONNELL, and ALLISON CARTER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-CV-5235 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| ANITA ALVAREZ, Cook County State's Attorney, in her official capacity, | ) ) ) ) | Magistrate Judge Sydney I. Schenkier |
| Defendant. | | |

**PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by their counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local rule 56.1, respectfully renew their motion for summary judgment. In support of this motion, plaintiffs state as follows:

1. The gravamen of this suit is whether the Illinois Eavesdropping Act ("the Act"), 720 ILCS 5/14, violates the First Amendment as applied to the ACLU Program of openly audio recording, without the consent of all parties, the conversations of police officers performing their official duties in public places, where those conversations are audible to passersby.

2. On May 8, 2012, the U.S. Court of Appeals for the Seventh Circuit ruled in this case. *ACLU v. Alvarez*, 679 F.3d 583 (7th Cir. 2012). The court held that plaintiffs have pre-enforcement standing. *Id.* at 590-94. The court next held that the First Amendment protects audio recording, *id.* at 595-603, rejecting as "extreme" and "extraordinary" the State's Attorney's contrary position, *id*. at 594. The court further held that intermediate scrutiny is the proper test to determine whether the Act's burden on the ACLU Program violates the First Amendment. *Id.* at 603-04. The court then held that this application of the Act "very likely"

fails intermediate scrutiny, *id.* at 586, 605, because the State's Attorney failed to show narrow tailoring to privacy and public safety, *id.* at 604-08. Finally, the court held that the ACLU had "a strong likelihood" of success on the merits, and on this basis ordered the entry of a preliminary injunction protecting the ACLU Program from prosecution under the Act. *Id*. at 608.

        3.      On June 14, 2012, the U.S. Court of Appeals for the Seventh Circuit denied the State's Attorney's petition for rehearing and for rehearing en banc. No active judge requested a vote on the petition or a responsive brief.

        4.      On June 26, 2012, plaintiffs moved for summary judgment, declaratory judgment, and a permanent injunction. D. 56. In support, they filed a memorandum (D. 57), a statement of material facts (D. 58), a declaration (D. 58-1), and other factual materials.

        5.      On June 28, 2012, the State's Attorney moved to stay all proceedings pending resolution of a *certiorari* petition, or in the alternative to stay summary judgment briefing pending discovery. D. 60. On July 2, 2012, plaintiffs filed a memorandum opposing either stay. D. 63. On July 10, this Court granted the State's Attorney's motion to stay all proceedings pending resolution of a *certiorari* petition. D. 67.

        6.      On September 12, 2012, the State's Attorney petitioned the U.S. Supreme Court for a writ of *certiorari*. On October 15, 2012, plaintiffs filed their opposition brief. On October 29, 2012, the State's Attorney filed a reply brief.

        7.      On November 26, 2012, the U.S. Supreme Court denied the *certiorari* petition. *See* U.S. Court of Appeals for the Seventh Circuit, docket in Case #11-1286, document #55.

        8.      Plaintiffs now stand on their previously filed papers in support of their pending motion for summary judgment. D. 56-58.

9. Plaintiffs do not know whether the State's Attorney will renew its motion for a stay of summary judgment briefing pending discovery. Today, counsel for the State's Attorney (James Pullos) advised counsel for plaintiffs (Adam Schwartz) that the State's Attorney has not yet decided this point. Plaintiffs respectfully request a prompt resolution of this point. If the State's Attorney renews her stay motion and stands on her pending memorandum (D. 60), then the plaintiffs likewise will stand on their pending opposition. *See* D. 63 at pp. 6-7 (showing the harms to the ACLU caused by further delay in final resolution of this case); *id*. at pp. 7-10 (showing the legal insufficiency of the State's Attorney's Rule 56(d)(2) motion and affidavit).

WHEREFORE, plaintiffs respectfully renew their request that this Court (a) award summary judgment for plaintiff, (b) enter a declaratory judgment that the application of the Act to the ACLU Program violates the First Amendment, and (c) permanently enjoin the State's Attorney from prosecuting the ACLU and its employees and agents under the Act for audio recording on-duty police pursuant to the ACLU Program.

DATED: November 26, 2012

Respectfully submitted,

By: /s/Harvey Grossman
Counsel for Plaintiffs

| | |
|---|---|
| Richard J. O'Brien | Harvey Grossman |
| Linda R. Friedlieb | Adam Schwartz |
| Matthew D. Taksin | Karen Sheley |
| Sidley Austin LLP | Roger Baldwin Foundation of ACLU, Inc. |
| One South Dearborn Street | 180 N. Michigan Ave., Suite 2300 |
| Chicago, IL 60603 | Chicago, IL 60601 |
| (312) 853-7000 | (312) 201-9740 |