**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 5235 |
| ANITA ALVAREZ, Cook County State's Attorney, in her official capacity, | ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, the American Civil Liberties Union of Illinois ("ACLU"), filed a complaint on August 19, 2010, asserting a preenforcement action against defendant Anita Alvarez as Cook County State's Attorney ("State") and seeking declaratory and injunctive relief barring the State from enforcing the Illinois eavesdropping statute. The district court, initially assigned, dismissed the original complaint for lack of standing and dismissed the amended complaint for failing to allege a cognizable First Amendment injury because the First Amendment does not protect a right to audio record. The ACLU appealed and the Seventh Circuit Court of Appeals held that the ACLU had standing to sue, articulated a First Amendment injury, and that the statute in question likely would not pass intermediate scrutiny. *ACLU of Illinois v. Alvarez*, 679 F. 3d 583 (7th Cir. 2012). The Seventh Circuit reversed and remanded the case with instructions for this Court to grant the ACLU leave to file an amended complaint, enter a preliminary injunction, and consider the motion now before the Court. Accordingly, this Court has considered ACLU's

Motion for Summary Judgment and request for a permanent injunction. The State does not oppose the motion. For the reasons that follow, this Court grants the motion.

**Background**

The following facts are undisputed. The ACLU is a non-profit, non-partisan, statewide organization with more than 20,000 members and supporters dedicated to protecting the civil rights and liberties guaranteed by the U.S. and Illinois Constitutions and civil rights laws. The putative individual plaintiffs are Colleen Connell, Executive Director of the ACLU, and Allison Carter, Senior Field Manager of the ACLU. In the last two years, the Cook County State's Attorney's Office has prosecuted at least three civilians under the Illinois Eavesdropping Act, 720 ILCS 5/14-1 *et seq.*, who recorded on-duty police officers. Other Illinois State's Attorneys have prosecuted additional civilians under the Act over the last eight years.

Prior to filing the instant law suit, the ACLU devised a program to promote police accountability by openly audio recording police officers without their consent when the officers are performing their public duties; the officers are in public places; the officers are speaking at a volume audible to the unassisted human ear; and the manner of recording is otherwise lawful. The ACLU now seeks to undertake this program in Cook County, Illinois. The ACLU intends to publish the information obtained from such recordings to the general public, including traditional print, broadcast, and cable media, as well as Internet and electronic media. The ACLU would also use the information to petition the government for redress of grievances, including before courts, legislatures and administrative agencies. The ACLU has not yet implemented this program due to the threat of prosecution. The Seventh Circuit held that the ACLU had alleged a credible threat of prosecution necessary to support a preenforcement action. *ACLU v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012).

**Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011).

**Discussion**

The ACLU moves for summary judgment seeking a declaration that the Illinois Eavesdropping Act violates the First Amendment as applied to the ACLU program of advancing police accountability by means of openly audio recording police officers without their consent when the officers are performing their public duties; the officers are in public places; the officers are speaking at a volume audible to the unassisted human ear; and the manner of recording is otherwise lawful. The ACLU also seeks a permanent injunction pursuant to Federal Rule of Civil Procedure 65(d) that enjoins Anita Alvarez from prosecuting the ACLU, its employees and agents under the Act for audio recording on-duty police officers.

In order for the court to impose a permanent injunction, the plaintiff must prove: "(1) success, as opposed to a likelihood of success, on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and, (4) that the public interest will not be harmed by the relief requested." *ADT Sec. Srvcs., Inc. v. Lisle-Woodridge*

*Fire Prot. Dist.,* 672 F.3d 492, 498 (7th Cir. 2012) (quoting *Collins v. Hamilton*, 349 F.3d 371, 374 (7th Cir. 2003).

In its opinion remanding this case, the Seventh Circuit held that the application of the Illinois Eavesdropping Act to the ACLU program triggers at least intermediate scrutiny under the First Amendment. *ACLU*, 679 F.3d at 604. The Seventh Circuit also held that the likelihood of success factor raises only a legal question in this case, and that the ACLU has a strong likelihood of success on the merits of its First Amendment claim. *Id.* at 590, 608. Further, the court held that the Act as applied to the ACLU program is not narrowly tailored to the privacy interests asserted by the State, and that the application of the Act to the ACLU program very likely fails intermediate scrutiny. *Id.* at 608.

The Seventh Circuit noted that courts articulate intermediate scrutiny in slightly different ways depending on the context of the First Amendment challenge. However, the intermediate scrutiny standards share certain essential elements. Intermediate scrutiny in the First Amendment context always requires: (1) content neutrality; (2) an important public interest justification for the challenged regulation; and (3) a reasonably close fit between the law's means and its ends. "This last requirement means that the burden on First Amendment rights must not be greater than necessary to further the important governmental interest at stake." *Id.* at 605 (citing *Bd. of Trs. v. Fox*, 492 U.S. 469, 480 (U.S. 1989); *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (U.S. 1989); and *United States v. O'Brien*, 391 U.S. 367, 376 (U.S. 1968)).

This Court finds that the Illinois Eavesdropping Act as applied to the ACLU program fails intermediate scrutiny. The statute on its face is content neutral since it bans <u>all</u> audio recording of any oral communication absent the consent of the parties. *See* 720 ILCS 5/14-

2(a)(1)(A). The Act broadly defines "conversation" as "any oral communication between 2 or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under the circumstances justifying that expectation." 720 ILCS 5/14-1(d). The State has not opposed the motion now before the Court therefore it has not advanced an important public interest justification. At earlier stages of this litigation, the State proffered the need to protect conversational privacy. The Seventh Circuit rejected privacy interests as justification for the eavesdropping act, reasoning that the statute makes it a crime to audio record any conversation, even those that are not in fact private and thus the State severed any connection between the eavesdropping statute's means and its end. *ACLU*, 679 F.3d at 605. The State has not proffered any additional public interest justifications for the Act. *See Weinberg v. City of Chicago*, 310 F.3d 1029, 1038 (7th Cir. 2002) ("In the context of a First Amendment challenge under the narrowly tailored test, the government has the burden of showing that there is evidence supporting its proffered justification."). This Court finds that there are no public interest justifications for the Act as it applies to the ACLU program. Accordingly, this Court must also find that the eavesdropping statute as applied to the ACLU program is not narrowly tailored to any public interest justification. Not only are the conversations that the ACLU intends to record as part of its program not intended to be private, the recordings are open so that police and others have notice that they are being recorded. Thus, there is no privacy interest at stake here. This Court concludes that the eavesdropping statute as applied to the ACLU program fails intermediate scrutiny and violates the First Amendment.

Further, the ACLU is entitled to a permanent injunction that enjoins Alvarez from prosecuting the ACLU, its employees and agents, for audio recording on-duty police pursuant to

the ACLU program outlined above. The ACLU has succeeded on the merits of its claim, the infringement on First Amendment freedoms constitutes irreparable injury, and injunctions protecting First Amendment freedoms are always in the public interest. *See Christian Legal Soc'y v. Walker,* 453 F.3d 853, 859 (7th Cir. 2006).

Based on the foregoing, this Court grants the ACLU's Motion for Summary Judgment and a permanent injunction will issue in separate Order.

IT IS SO ORDERED.

Date: December 18, 2012

Entered: _____
Sharon Johnson Coleman